TALITHA ANN CURTIS *vs.* J.J. DUFFY ADJUSTMENT SERVICE, INC. No. 90-P-78. November 19, 1991. *Attorney at Law,* Withdrawal. *Practice, Civil,* Party pro se, Dismissal, Judicial discretion.

On May 29, 1984, the plaintiff, Talitha Ann Curtis, while riding a bicycle, was struck by an automobile operated by Toni A. Heikkila. On May 21, 1987, the plaintiff brought an action against Heikkila for criminally negligent driving (count I), against John Garofalo, the owner of the automobile that Heikkila was operating (count I), and against General Accident Insurance Co. (General Accident), for alleged bad faith settlement practices (count II). Count III of the initial complaint alleged that J. J. Duffy Adjustment Services, Inc. (Duffy), had engaged in bad faith acts pertaining to the negotiation and settlement of the plaintiff's claims. Count III was subsequently amended twice to clarify the plaintiff's action. In the last amendment, the plaintiff claimed that Duffy was liable for violations of G. L. c. 93A and violations of G. L. c. 176D, § 9(*c*) and (*f*). The plaintiff's father, Mr. W. Robert Curtis, a member of the Massachusetts bar, represented the plaintiff.

On February 17, 1989, the plaintiff and Heikkila, Garofalo, and General Accident filed a stipulation of dismissal, resolving the plaintiff's claims against those defendants. On March 14, 1989, judgment entered dismissing those claims. The amended count III against Duffy remained.

After the plaintiff and Duffy exchanged interrogatories, Duffy moved for partial summary judgment on the plaintiff's claims relating to G. L. cc. 93A and 176D. The motion judge denied summary judgment on the plaintiff's c. 93A claim but granted summary judgment on the c. 176D claim.

Duffy then filed a motion to disqualify Mr. Curtis from representing the plaintiff on the ground that he was going to be a witness against Duffy.[1] At the hearing on the motion held on February 3, 1989, the plaintiff filed an appearance pro se, dated January 29, 1989. A Superior Court judge ordered the plaintiff "to retain successor counsel on or before March 15, 1989, otherwise the case shall be dismissed." After March 15, 1989, Duffy moved for final judgment because the plaintiff had not retained successor counsel. On April 25, 1989, a Superior Court judge allowed the motion,

---

[1]According to Duffy, Mr. Curtis would be a witness on the c. 93A claim because he was the individual who negotiated with Duffy concerning the plaintiff's claim.

and judgment dismissing the complaint without prejudice[2] was subsequently entered. The plaintiff has appealed.

The judge did not state any reasons for his decision to dismiss the plaintiff's complaint, but it may be inferred that he did so because the plaintiff had failed to comply with the February 3, 1989, order that she "retain successor counsel on or before March 15, 1989." The plaintiff argues that she had filed her pro se appearance before the deadline. She further argues that a party who is not a lawyer has a statutory right to prosecute a civil action, and the judge's action violated that right. We agree.

General Laws c. 221, § 48, a statute of ancient vintage, provides, in relevant part, that "[p]arties may manage, prosecute or defend their own suits personally, or by such attorneys as they may engage . . . ." *Opinion of the Justices*, 289 Mass. 607, 614-615 (1935). *LoCicero* v. *Hartford Ins. Group*, 25 Mass. App. Ct. 339, 344 (1988). Because of the statute, an appearance by a pro se party is to be treated as the equivalent of an appearance by an attorney in a civil case, and, once she filed her appearance dated January 29, 1989, the plaintiff complied with the February 3 order that she "retain successor counsel on or before March 15, 1989."

We recognize that there may be circumstances, present in a particular case, which do not permit pro se parties to prosecute or defend their own civil actions. See *Opinion of the Justices*, *supra* (party may prosecute or defend own civil action, except when the public welfare demands otherwise). There is nothing in this record to demonstrate that those circumstances are present here. That the plaintiff would be prosecuting her own action and also testifying in the case is not sufficient reason to dismiss her complaint or to disqualify her from serving as counsel. See *Gorovitz* v. *Planning Bd. of Nantucket*, 394 Mass. 246, 248-249 (1985)(a lawyer may serve as counsel and testify if he is a party to the action).

While trial judges must have broad discretion in managing their trial lists, *Beninati* v. *Beninati*, 18 Mass. App. Ct. 529, 535 (1984), and "[d]ismissal may well be called for, when a litigant's course of action has been unreasonable, and the order for dismissal by a judge of the trial court should ordinarily have finality," *Monahan* v. *Washburn*, 400 Mass. 126, 130 (1987)(Hennessey, C.J., concurring), the plaintiff's invocation of her statutory right to represent herself was not unreasonable, and her complaint should not have been dismissed.[3]

---

[2]That the dismissal was without prejudice indicates that the matter might still have been pursued before the trial court. A dismissal without prejudice is, however, appealable. See Mass.R.Civ.P. 41(b)(2), (3), 365 Mass. 804-805 (1974); 15 Wright & Miller, Federal Practice and Procedure § 3914, at 545 (1976).

[3]In vacating the dismissal of this case, we do not reach Duffy's additional argument that the motion judge erred in denying its motion for summary judgment on the plaintiff's G. L. c. 93A claim. The denial of a motion for summary judgment is not a final order and is not appealable. *Rollins Envtl. Servs.* v. *Superior Court*, 368 Mass. 174, 177-179 (1975). In any event, the defendant, at trial, may raise his

The dismissal of the complaint is vacated. The matter is remanded to the Superior Court for trial.

*So ordered.*

*Cheryl L. Riess-Curtis* for the plaintiff.
*Richard L. Neumeier (Andre A. Sansoucy* with him) for the defendant.

claim that the demand letter was not adequate by filing a motion for a directed verdict.