Brennan, J.
The plaintiff brought this action in contract to recover for engineering services rendered. The defendant has denied liability and have filed a counterclaim against the plaintiff and another, Alfred Melia.
After the issue was joined, the plaintiff filed a motion to disqualify counsel for the defendant from representing the defendant.
The facts set forth in the plaintiffs motion are as follows:
1. Two of the shareholders of PBS are Gerard Pellegrini and Earlon Seeley, Jr. Earlon Seeley, Jr. is also treasurer of the corporation.
2. Messrs. Pellegrini and Seeley are also principals in the lawfirm representing PBS.
3. Many of the meetings involving representatives of PBS and Luchs & Beckerman which are relevant to the matter sub justice [sic] were attended by Gerard Pellegrini; furthermore, Mr. Pellegrini has signed PBS’ interrogatory answers to the plaintiffs interrogatories indicating in response to question no. 2 that he is the most knowledgeable person concerning the defenses to the complaint.
The plaintiff has alleged that Disciplinary Rules 5-101 and 5-102 of the Canons of Ethics and Disciplinary Rules regulating the practice of law dictate that the law firm of Pellegrini & Seeley should be disqualified as counsel for the defendant.
DR 5-101 provides:
(a) Except with the consent of his client after full disclosure, a lawyer shall notaccept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests.
(b) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
(1) If the testimony will relate to solely to an uncontested matter.
(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
*57 (3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.
DR 5-102 provides:
(a) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101 (b), (1) through (4).
(b) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.
The defendant filed a memorandum in opposition to plaintiffs motion, stating that Disciplinary Rules 5-101 (b) and 5-101 (a) are inapplicable when the lawyer who would serve as counsel and witness is a party litigant.
After hearing the court allowed plaintiffs motion and the defendant claimed a report.
G.L.c. 221, §48 provides that:
Parties may manage, prosecute or defend their own suits personally, or by such attorneys as they may engage; but not more than two persons for each party shall, without permission of the court, be allowed to manage any case therein.
The case of Borman v. Borman, 378 Mass 775, held that: “when a lawyer exercising his best judgment, determines that his employment will not bring him into conflict with the code, disqualification may occur only if the trial court determines that his continued participation as counsel taints the legal system or the trial of the cause before it.”
There has been no such determination by the court in the present case.
Borman also held that: “DR 5-102 does not address that situation in which the lawyer is the party litigant. Any perception by the public or determination by a jury that a lawyer litigant has twisted the truth surely would be due to his role as litigant and not, we would hope, to his occupation as lawyers.”
The issue of whether a general partner of a limited partnership, who serves as the partnership’s legal counsel and is a party to the action may represent their partnership in the action if he intends to testify at trial was decided in the 1985 case of Gorovitz v. Planning Board of Nantucket, 394 Mass 246. Relying on Rule 3:07 of the Rules of the Supreme Judicial Court and G.L.c. 221, §48, the court found that the general partner could represent the partnership even though he intended to testify.
The court quoted extensively from Borman v. Borman, supra. DR 5-102 provides that every litigant has the right to be represented by counsel of his choosing and that the litigant does not lose that right simply because he is a lawyer.
The present case appears to be on all fours with Borman and with the Gorovitz case *58 which has been cited with favor in the recent case of Curtis v. Duffy, 31 Mass. App. Ct. 949, 950.
There is no basis in the present case on which to conclude that the Pellegrini & Seeley’s representation of the defendant threatens the integrity of the legal system or the prosecution of this matter. Mr. Pellegrini and Mr. Seeley should not be precluded from representing the defendant, P.B.& S. Builders, Inc.
The order of disqualification is vacated.