## RESCRIPT OPINIONS.

MELITA PICCIOTTO *vs.* SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT & others.[1] February 25, 2002. *Practice, Civil,* Action in nature of certiorari.

The petitioner filed a petition seeking relief in the nature of a writ of certiorari in the Supreme Judicial Court for Suffolk County. G. L. c. 249, § 4. She sought an order (1) compelling the recusal of a Superior Court judge; (2) directing another Superior Court judge to review and modify the first judge's orders; (3) permitting her to represent herself; and (4) compelling the first judge to "respect and enforce" the applicable law. A single justice of this court denied the petition, and this appeal followed.

In substance, the petitioner contends that the Superior Court judge should be removed or recused from continuing as a judge in the underlying case because of his alleged conduct in the case, including ejecting her from the court room and continuing hearings without her, and his purported relationship with opposing counsel. She also argues that she should be permitted to represent herself both at trial and otherwise, and that proceedings may not be conducted without her participation. Although the petitioner acknowledges that many of the issues raised in her petition also have been raised "piecemeal" in filings pursuant to G. L. c. 231, § 118, or G. L. c. 211, § 3, and that in neither case did the court find any matter warranting relief, she urges that, in the aggregate, "injustice is apparent."[2]

We do not address the merits of the petitioner's claims. Those general claims have twice before been the subject of unsuccessful petitions in this court and the Appeals Court; other claims that she now raises, though reviewable under G. L. c. 231, § 118, have not been pursued. Certiorari simply does not provide an additional or alternative avenue of appellate review. See *Genninger* v. *Commissioner of Correction,* 419 Mass. 1009 (1995). Indeed, the purpose of a civil action in the nature of certiorari is to correct errors that "are not otherwise reviewable by motion or by appeal." G. L. c. 249, § 4. The petitioner's allegations involve matters that are eminently reviewable through the ordinary appellate process. See *Doten* v. *Plymouth Div. of the Probate & Family Court Dep't,* 395 Mass. 1001 (1985) (recusal); *Commonwealth* v. *Chubbuck,* 384 Mass. 746, 751 (1981) (removal from court

---

[1]Albert P. Zabin and Schneider, Reilly, Zabin & Costello, P.C., interveners.

[2]Additionally, the petitioner argues that the judge's ejection of her from the court room did not "generate orders," and, accordingly, that "injustice" is remediable only through certiorari. That argument is without merit. See *Commonwealth* v. *Chubbuck,* 384 Mass. 746, 751 (1981). A judge's removal of a party from the court room is a matter of discretion, the abuse of which generally is remediable on appeal. *Commonwealth* v. *Senati,* 3 Mass. App. Ct. 304, 308 (1975).

Rescript Opinions.

room); *Curtis* v. *J.J. Duffy Adjustment Serv., Inc.*, 31 Mass. App. Ct. 949 (1991) (self-representation by civil litigant).

Accordingly, we find no "clear error of law or abuse of discretion," *Mack* v. *Clerk of the Appeals Court*, 427 Mass. 1011, 1012 (1998), in the single justice's denial of the petition.

*Judgment affirmed.*

*Melita Picciotto*, pro se.

*Lisa A. Yee* (*Alexander G. Gray, Jr.*, Special Assistant Attorney General, with her) for an Associate Justice of the Superior Court.