JUDITH PICCIOTTO & others[1] *vs.* SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT & others.[2] July 9, 2002. *Moot Question. Practice, Civil,* Action in nature of certiorari.

The petitioners filed a petition seeking relief in the nature of certiorari, G. L. c. 249, § 4, in the Supreme Judicial Court for Suffolk County.[3] In their petition, they sought to quash a Superior Court order, as modified, restricting

---

[1]Melita Picciotto; Athena Picciotto, a minor, by her mother and next friend Judith Picciotto; and Foreign Car Center, Inc.

[2]Albert P. Zabin and Schneider, Reilly, Zabin & Costello, P.C., whose motion to intervene was allowed.

[3]The petitioners did not assert a claim under G. L. c. 211, § 3, in the petition submitted to the single justice, so we do not consider it here. *Milton* v. *Boston*, 427 Mass.

the use of certain evidence in connection with their claims in an underlying civil action. They also sought to enjoin the commencement of the trial in that case. A single justice of this court denied their petition, and this appeal followed.[4] We dismiss the appeal as moot.[5]

The appeal before us is moot because the Superior Court docket indicates that the trial that the petitioners sought to enjoin, at which their evidence would have been offered, has concluded. See *Rasten v. Northeastern Univ.,* 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001). Even if we were to consider the appeal on the merits, the petitioners would not be entitled to relief. They admit that there may, "technically, be alternative relief [available to them], in that they could appeal after final judgment," but they contend that "the expense of a second trial of the magnitude anticipated in the underlying matter . . . renders that relief unavailable." As we have said many times, certiorari does not provide an additional or alternative avenue of appellate review. See, e.g., *Picciotto v. Superior Court Dep't of the Trial Court,* 436 Mass. 1001 (2002); *Genninger v. Commissioner of Correction,* 419 Mass. 1009 (1995). The purpose or certiorari is to correct errors that "are not otherwise reviewable by motion or by appeal." G. L. c. 249, § 4. Notwithstanding the claimed expense of retrial if the petitioners were to prevail in the ordinary appellate process, in the circumstances present here, there was no clear error of law or abuse of discretion in the single justice's denial of the petition. See *Picciotto v. Superior Court Dep't of the Trial Court, supra* at 1002.

*Appeal dismissed.*

*Dana E. Casher* for the plaintiffs.

*Lisa A. Yee* for Superior Court Department of the Trial Court.

---

1016, 1017 (1998), and cases cited. This is not an extraordinary case that warrants G. L. c. 211, § 3, relief from the full court in the first instance.

[4]Before seeking certiorari relief from the single justice of this court, the petitioners sought relief from a single justice of the Appeals Court, pursuant to G. L. c. 231, § 118, first par., which was denied.

[5]Although the focus of their appeal is on the single justice's denial of "relief from a challenged interlocutory ruling in the trial court," the petitioners did not comply with the requirements of S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). "This by itself is a reason not to disturb the single justice's judgment." *Gorod v. Tabachnick,* 428 Mass. 1001, 1001 n.2, cert. denied, 525 U.S. 1003 (1998). See *Afrasiabi v. Rooney,* 432 Mass. 1006, 1007 (2000); *Rasten v. Northeastern Univ.,* 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001).

