Williams, J.
The plaintiff/appellant, National Lumber Company (“National Lumber”), appeals pursuant to Dist./Mun. Cts. R. A. D. A, Rule 8A, from the motion judge’s allowance of the motion of the defendants/appellees Richard D Swanson, Jr. and Vicki C. Swanson (“Swansons”) for summary judgment.[1] For the reasons stated below, we reverse, and order the entry of judgment declaring that National Lumber has a valid lien under M.G.L.c. 254, §4, et seq.[2]
In March 1996 the defendant John Damelio (“Damelio”), as “president” and “owner” of “Herren Construction,”[3] established with National Lumber a line of credit under which National Lumber would supply to Herren Construction lumber and building materials on an open-account basis. Damelio agreed to pay 18% annual interest on balances older than 30 days, and to pay reasonable collection fees.
On 23 January 1999, Charles Herren (“Herren”), under the name “Herren Construction,” contracted with the Swansons to build an addition to their house at 82 Bristol Road, Wellesley, for $69,500.00.[4] In March 1999, Damelio submitted to National Lumber building plans, which the Swansons had supplied to Herren Con *73 struction, for that addition so National Lumber could provide a description of the necessary lumber and building materials and their costs. Damelio signed a materials supply contract and a “quote” for Marvin windows (both documents indicate the name “Herren Construction”) for use in the addition. National Lumber thereafter supplied materials, including lumber and windows, for Herren Construction’s use in the Swanson addition, from April to October 1999, further to the 1996 credit agreement and the materials supply contract. A balance was left due of $7,688.34.
To secure its claim to that principal balance, National Lumber sought to establish a lien against the Swanson property by filing a notice of contract pursuant to M.G.L.c. 254, §4 with the Norfolk County Registry District of the Land Court on 6 October 1999. National Lumber took the other procedural steps required by the lien statute, which demands strict compliance (see generally, e.g, Ng Bros. Const., Inc. v. Cranney, 436 Mass. 638, 642 (2002) and cases cited), and filed this action on 3 February 2000.
The Swansons moved for summary judgment on the sole ground that National Lumber could not perfect a lien against their property because the Swansons had a contract only with Herren (using the name “Herren Construction”), while National Lumber’s dealings were withDamelio (also using the name “Herren Construction”), and not with Herren. The motion judge allowed that motion, in effect determining that National Lumber was not entitled to a subcontractor’s lien against the Swanson property. We disagree.
The Swansons could have properly been granted summary judgment only upon their showing both that there was no genuine issue of material fact and that they were entitled to judgment as matter of law. M. R Civ. E, Rule 56(c); see, e.g., Bergendahl v. Massachusetts Elec. Co., 45 Mass. App. Ct. 715, 718-19 (1998) and cases cited; see also, e.g, Nagel v. Provident Mut. Life Ins. Co. of Philadelphia, 51 Mass. App. Ct. 763, 768 (2002). The Swansons, however, could not have met that burden because they could not have demonstrated entitlement to judgment as a matter of law.
The Swansons argue that National Lumber could not have complied with the lien statute, M.G.L.c. 254, §4 et seq., because National Lumber dealt only with Damelio (as a principal of “Herren Construction”), while the Swansons’ agreement was with Herren (doing business as “Herren Construction”), and not with Damelio. National Lumber, the Swansons further assert, failed to comply with the statute because it did not name Herren, the “individual” who contracted with the Swansons, as a party to this action, thereby offending M. R. Civ. E, Rule 17(a).
That argument is insufficient to support the Swansons’ motion or to defeat National Lumber’s. In National Lumber Co. v. Epstein, 2000 Mass. App. Div. 317, the homeowners argued that National Lumber had failed to satisfy M.G.Lc. 254, §4 because it did not establish a written contract between the contractor and the materials supplier. The Swansons’ argument here is essentially the same: that National Lumber has not demonstrated evidence of a contract between itself and the Swansons’ contractor, Herren Construction. But, as pointed out in Epstein, the statute requires only two contracts — here, the one between the owner (Swansons) and general contractor (Herren Construction), and the one between the material supplier (National Lumber) and contractor or subcontractor (Damelio). See Epstein, 2000 Mass. App. Div. at 319. There is no dispute about the existence of either of these contracts. The statute does not require evidence of a common party (here, “Herren Construction”) to the two mandated contracts.[5] “We are not permitted to add words to a statute that ‘the Legislature did not see *74 fit to put there.’” Commonwealth v. Russ R., 433 Mass. 515, 520 (2001), quoting in part General Elec. Co. v. Department of Environmental Protection, 429 Mass. 798, 803 (1999) (further citation omitted); see also Commissioner of Revenue v. Cargill, Inc., 429 Mass. 79, 82 (1999) (“Where, as here, the language of the statute is clear, it is the function of the judiciary to apply it, not amend it”).
The Swansons have sought sanctions in this Court under M.G.L.c. 231, §6F on the ground that National Lumber’s appeal was wholly insubstantial, frivolous, and not advanced in good faith. Given this Court’s decision in favor of National Lumber, we need not address that motion, which inquiry would have begun with the question of whether this Court had jurisdiction to entertain it.[6]
We reverse the motion judge’s allowance of the Swansons’ motion for summary judgment, and order the entry of judgment declaring that National Lumber has a valid and enforceable lien under M.G.L.c. 254, §4 etseq.
So ordered.

 The appeal was also purportedly taken from the denial of National Lumber’s motion for summary judgment. This Court is not directed to any such order, which would not have been appealable in any event. See, e.g., Curtis v. J.J. Duffy Adjustment Serv., Inc., 31 Mass. App. Ct. 949, 950 n.3 (1991).

 M.G.L.C. 254, §4 provides, in pertinent part, that “[wjhoever ... furnishes ... material... under a written contract with a contractor ... may file or record in the registry of deeds for the county or district where such land lies a notice of his contract. ... Upon filing or recording a notice, as hereinbefore provided, and giving actual notice to the owner of such filing, the subcontractor shall have a lien upon such real property, land, building, structure or improvement owned by the party who entered into the original contract as appears of record at the time of such filing, to secure the payment of all... material... which he is to furnish or has furnished ..., regardless of the amount stated in the notice of contract....”

 National Lumber and Damelio entered into an Agreement for Judgment, and a separate and final judgment was entered against Damelio on 18 March 2001 on Counts II and HI of National Lumber’s complaint Damelio, therefore, is not a party to this appeal, which concerns only Count I, the “in-rem” claim against the Swansons.

 The Swansons’ motion characterized their contract as being with “Charles Herren D/B/A Herren Construction.”

 Even if it had, the commonality of “Herren Construction” to both contracts would likely have been sufficiently demonstrated. It was uncontroverted (see Dist/Mun. Cts. R A D. A, Rule 8A(b); Koch Poultry Co. v. Ottman Custom Processors, Inc., 1996 Mass. App. Div. 124) that Damelio and Herren considered “Herren Construction” a partner ship or, at least a joint venture, itself a kind of partnership arising from the parties’ intent to associate themselves as such. Ross v. Health and Retirement Properties Trust, 46 Mass. App. Ct. 82, 85 (1998). The Uniform Fartnership Act G.Lc. 108A §§1 et seq., would have *74 applied in either case. Id. That Act provides that “[ejvery partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership....” M.G.Lc. 108A §9(1). There was no suggestion that any exception to this tenet existed here, and none that either Damelio or Herren misrepresented himself as being a partner of “Herren Construction” when he was not See id., §16. Thus, the “joint venture” or “partnership” called “Herren Construction” was bound by the contract with National Lumber, and that same business was bound by its contract with the Swansons. See also, e.g., General Motors Acceptance Corp. v. Haley, 329 Mass. 559, 566 (1952); Century Indem. Co. v. Bloom, 325 Mass. 52, 55 (1949) and cases cited.

 The District Court Department of the Trial Court, including the Appellate Division, are not included among the courts empowered to enforce M.G.L.c. 231, §6F. See id., §6E. As indicated above, we need not decide whether that limitation has been affected by implication by the implementation of the “one-trial system” created by St. 1996, c. 358, under which this case arose.