GEORGE MOZEK *vs.* CITY OF REVERE & others.[1] April 5, 2005. *Practice, Civil,* Action in nature of certiorari.

George Mozek filed a complaint seeking relief in the nature of certiorari, G. L. c. 249, § 4, in the Supreme Judicial Court for Suffolk County. He alleged that, because he timely had claimed a right to trial by jury in an underlying civil action, a judge in the Superior Court violated his constitutional rights by conducting a summary judgment proceeding instead of a jury trial. But see, e.g., *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). In addition, he claimed that "irregularities" in the Superior Court's procedures and docketing deprived him of due process of law. Mozek sought an order requiring the Superior Court to certify the record to this court, and to "desist" from further proceedings pending review.[2]

The single justice properly denied relief. Review under G. L. c. 249, § 4, is available, in the words of the statute, to "correct errors in proceedings . . . which . . . are not otherwise reviewable by motion or by appeal." "[C]ertiorari does not provide an additional or alternative avenue of appellate review." *Picciotto* v. *Superior Court Dep't of the Trial Court*, 437 Mass. 1019, 1020 (2002). Here, Mozek has or had an alternative remedy to certiorari,

---

[1]Suffolk Superior Court. We acknowledge that the board of health of Revere (board) is a party to the underlying Superior Court action and that Mozek argues that the board is a party to this appeal as well. We shall treat the board as a party.

[2]Mozek's appellate brief makes arguments, and seeks relief, neither made to nor requested from the single justice. Among other things, he alleges that the Superior Court judge erred in entering summary judgment, and that the Appeals Court erred in various respects in matters he filed in that court. "We do not consider any . . . issues, arguments, [or] claims raised [by the petitioner] on appeal that were not raised before the single justice." *Bloise* v. *Bloise*, 437 Mass. 1010, 1010 (2002).

i.e., the ordinary appellate process. The fact that he raised constitutional issues associated with the right to a jury trial does not alter that analysis.

*Judgment affirmed.*

*George Mozek*, pro se.

*Walter H. Porr, Jr.*, Assistant City Solicitor (*Paul Capizzi*, City Solicitor, with him) for city of Revere & another.

