*Heidi K. Erickson,* pro se.

*Norma B. Somers,* pro se.

STEFANO PICCIOTTO & others[1] vs. CHIEF JUSTICE OF THE SUPERIOR COURT. May 2, 2006. *Supreme Judicial Court,* Appeal from order of single justice. *Superior Court. Practice, Civil,* Action in nature of certiorari.

The petitioners appeal from a judgment of a single justice of this court denying their petition for relief in the nature of certiorari, G. L. c. 249, § 4. We affirm.

The petitioners are parties to certain consolidated civil actions pending in the Superior Court. A different party in one of those cases requested that the Chief Justice of the Superior Court specially assign his case, separately, to a judge who had previously presided over related litigation. The petitioners filed an opposition, arguing that the judge in the related litigation had treated them unfairly. The Chief Justice declined specially to assign the judge requested, but specially assigned a different judge to preside over all aspects of the consolidated cases — a judge that none of the parties had previously objected to or requested.

The petitioners then filed their petition in the county court, requesting that

---

[1] Norma B. Somers.

[1] Judith Picciotto, Athena Picciotto, and Melita Picciotto.

the single justice direct the Chief Justice to vacate her order of special assignment and assign the cases according to the typical Superior Court practice of assigning cases to judges on a rotating basis. Specifically, the petitioners claimed that their due process and equal protection rights were violated because the Chief Justice had made the special assignment without giving them notice or an opportunity to be heard on the selection of the particular judge assigned, and because the petitioners believe the judge who was specially assigned cannot preside impartially.[2]

"A civil action in the nature of certiorari to correct errors in proceedings which are not . . . otherwise reviewable by motion or by appeal, may be brought in the supreme judicial or superior court . . . ." G. L. c. 249, § 4. The petitioners have failed to show why the special assignment was not "otherwise reviewable by motion or by appeal." First, they do not adequately explain why they could not have raised their concerns about the assigned judge's supposed bias by moving that the Chief Justice reconsider the assignment; by moving to recuse the specially assigned judge[3]; or by seeking relief from a single justice of the Appeals Court pursuant to G. L. c. 231, § 118, first par. Second, where the essence of the petitioners' concern is having an allegedly biased judge preside over their cases, they can adequately obtain review of that issue on appeal from a final judgment. See *Doten* v. *Plymouth Div. of the Probate & Family Court Dep't*, 395 Mass. 1001 (1985) (petition for relief pursuant to G. L. c. 211, § 3, to recuse judge properly denied where issue of judicial bias could adequately be reviewed on direct appeal).

Accordingly, we find no clear error of law or abuse of discretion in the single justice's denial of the petition. See *Picciotto* v. *Superior Court Dep't of the Trial Court*, 436 Mass. 1001, cert. denied sub nom. *Picciotto* v. *Sikora*, 537 U.S. 820 (2002).

*Judgment affirmed.*

*Stefano Picciotto*, pro se.
*Maryanne Reynolds Martin*, Assistant Attorney General, for the defendant.

---

[2]We need not consider assorted other issues and claims for relief that the petitioners raise for the first time in their brief on appeal. See *Milton* v. *Boston*, 427 Mass. 1016, 1017 (1998).

As for the single issue raised before the single justice — the special assignment of a judge to preside over litigation that is currently pending — the petitioners sought relief from a challenged interlocutory ruling in the trial court, but did not comply with the requirements of S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). "This by itself is a reason not to disturb the single justice's judgment." *Picciotto* v. *Superior Court Dep't of the Trial Court*, 437 Mass. 1019, 1019 n.5 (2002), quoting *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001 n.2, cert. denied ( .5 U.S. 1003 (1998).

[3]Only after the single justice denied the ition did the petitioners move in the Superior Court to recuse the specially assig judge. The judge denied the motion, however, concluding that she could preside fa ' and reasonably.

