JOANNE SLIECH-BRODEUR *vs.* COMMONWEALTH. June 23, 2006. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

The petitioner appeals from a judgment of a single justice of this court denying her petition for relief pursuant to G. L. c. 211, § 3. We dismiss the appeal as moot.

The petitioner, indicted for murder, notified the Commonwealth of her intention to pursue a defense of lack of criminal responsibility because of mental disease or defect, based on the opinion of an expert witness. See Mass. R. Crim. P. 14 (b) (2) (A), as appearing in 442 Mass. 1518 (2004). The Commonwealth moved for discovery of assorted materials regarding the expert and his evaluations of the petitioner, and moved for an independent psychiatric examination of the petitioner. See Mass. R. Crim. P. 14 (b) (2) (B), as appearing in 442 Mass. 1518 (2004). The petitioner opposed the Commonwealth's first motion and moved to videotape and audiotape the independent psychiatric examination. A judge in the Superior Court allowed the Commonwealth's motion for an independent examination, including (according to the petitioner) authorizing the immediate release of the results of the examination to the parties; denied the petitioner's motion to record the examination; and allowed portions of the Commonwealth's discovery motion.

The petitioner sought review of various aspects of those orders in her petition pursuant to G. L. c. 211, § 3. The single justice denied the petition without a hearing. Thereafter, the Commonwealth successfully moved in the Superior Court to compel the petitioner's compliance with the discovery orders. The petitioner moved in the county court to stay those orders, to no avail (although the single justice ordered that the independent examiner could not share with the prosecutor any statements made by the petitioner in her examination except on further order from the Superior Court judge).

Next, the petitioner unsuccessfully sought to stay the discovery orders in this court. She then filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). In her memorandum, she represented that she was complying with the discovery orders. Shortly after she filed her memorandum, trial on her murder charge took place and she was convicted. Thus, her appeal from the single justice's ruling on what, at the time, was an interlocutory matter has become moot. See *Commonwealth v.*

---

*Farley*, 438 Mass. 1003 (2002); *Picciotto* v. *Superior Court Dep't of the Trial Court*, 437 Mass. 1019, 1020 (2002). The Superior Court docket shows that the petitioner has filed a timely notice of appeal from her conviction. Thus, "if she is aggrieved by what has transpired with respect to [the discovery orders], it is not apparent why she could not now adequately pursue her claim . . . on her direct appeal." *Commonwealth* v. *Farley, supra* at 1004.

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*John M. Thompson & Linda J. Thompson* for the petitioner.