QINGSHENG LIU *vs.* PATRICK MOYNIHAN & others.[1,2] April 29, 2008. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Disqualification of judge.

Qingsheng Liu appeals a judgment of the single justice of this court denying his petition, pursuant to G. L. c. 211, § 3, without a hearing. We affirm.

In July, 2007, Qingsheng Liu commenced a civil action in the Superior Court that, as best we can tell from the limited record before us, concerns things that occurred during his interactions with various government agencies and officials, and in a related, subsequent criminal proceeding against him. (He was acquitted of the criminal charges.) During the course of the civil case, a Superior Court judge issued various interlocutory rulings against him. The judge also ordered him to file an amended complaint and to cease filing motions and other documents until he had done so. In October, 2007, Qingsheng Liu filed a complaint in the county court claiming that the judge had "committed violations of the Code of Judicial Conduct," was not impartial, discriminated against him, and was "unfaithful to the laws," and seeking the judge's recusal. Qingsheng Liu's complaint was treated as a petition pursuant to G. L. c. 211, § 3, and denied.

Relief under G. L. c. 211, § 3, is properly denied "where there are adequate and effective routes . . . by which the petitioning party may seek relief." *Greco* v. *Plymouth Sav. Bank,* 423 Mass. 1019, 1019 (1996). The petitioner bears the burden to allege and demonstrate the absence or inadequacy of other remedies. See, e.g., *Russell* v. *Nichols,* 434 Mass. 1015, 1016 (2001). The petitioner has not met this burden. He has offered no reason why any of the judge's allegedly improper actions (including a refusal to recuse herself) could not be adequately addressed in a direct appeal from any adverse judgment.[3] See *Doten* v. *Plymouth Div. of the Probate & Family Court Dep't,* 395 Mass. 1001, 1001 (1985). See also *Picciotto* v. *Chief Justice of the Superior Court,* 446 Mass. 1015, 1016 (2006).

Qingsheng Liu's claims do not warrant the extraordinary relief of G. L. c. 211, § 3, and the single justice was warranted in denying the petition.

*Judgment affirmed.*

*Qingsheng Liu,* pro se.


---

[1]The office of the Attorney General, Massachusetts Commission Against Discrimination, Paul Mishkin, and the office of the Sheriff of Suffolk County.

[2]It does not appear that Qingsheng Liu served any of the respondents with a copy of his brief, as required. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996). Additionally, he named as a respondent the Superior Court judge about whom he complains herein. The judge is a nominal party only. *Id.*

[3]After Qingsheng Liu's appeal from the denial of his G. L. c. 211, § 3, petition was entered in this court, the underlying civil action in the Superior Court was dismissed. He has filed a notice of appeal from the dismissal.