SUSAN MANI & another[1] *vs.* UNITED BANK & others.[2] January 21, 2011. *Supreme Judicial Court,* Superintendence of inferior courts.

Susan Mani and Mani George appeal from a judgment of a single justice of this court denying their petition under G. L. c. 211, § 3. We affirm.

In 2006, United Bank filed a complaint in the Superior Court seeking a declaration regarding the distribution of approximately $99,000 in surplus

---

[1]Mani George.

[2]The petitioners also named as respondents a Superior Court clerk and a judge of that court. These defendants are nominal parties. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

funds resulting from a foreclosure sale of Susan Mani's property. On cross motions for summary judgment, a judge determined that each party was entitled to fifty per cent of the surplus funds. The judge also dismissed Mani's counterclaims against United Bank. Both parties filed notices of appeal from the judgment.[3] The petitioners also then filed their G. L. c. 211, § 3, petition, in which they argued, among other things, that the Superior Court judge failed to "allow" or consider, and that the clerk of the court failed to docket, all of the petitioners' submissions in that court. The single justice denied the petition without a hearing.

Relief under G. L. c. 211, § 3, is properly denied "where there are adequate and effective routes . . . by which the petitioning party may seek relief." *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019 (1996). The petitioners bore the burden to allege and demonstrate the absence or inadequacy of other remedies. See, e.g., *Russell* v. *Nichols*, 434 Mass. 1015, 1016 (2001). The petitioners did not meet this burden. They did not demonstrate why the judge's or the clerk's allegedly improper actions could not be adequately addressed in a regular appeal from the final judgment. See *Doten* v. *Plymouth Div. of the Probate & Family Court Dep't*, 395 Mass. 1001 (1985). See also *Picciotto* v. *Chief Justice of the Superior Court*, 446 Mass. 1015, 1016 (2006).

The petitioners also argue that the single justice failed to consider all of their submissions in the county court. They provide no support for this argument other than asserting that because one of their submissions was filed after the single justice had taken the case under advisement, he must not have considered that submission. That the single justice had already taken the case under advisement does not indicate or even suggest that he failed to review the submission. There is no basis on which to conclude that the single justice abused his discretion or otherwise erred in denying the G. L. c. 211, § 3, petition.

*Judgment affirmed.*

*Mani George*, pro se.

*Susan Mani*, pro se.

*Maryanne Reynolds*, Assistant Attorney General, for Bertha D. Josephson & another.

*William T. Bogaert* for United Bank.

---

[3]Although the appeals were initially entered in the Appeals Court, in November, 2009, they were later dismissed without prejudice as premature, in January, 2010. The Superior Court docket now indicates that notice of assembly of the record was sent to the Appeals Court on January 7, 2011.