Swan, J.
The board of managers of the Cary Place Condominium Association (“board”) governs the Cary Place Condominium in Chelsea, Massachusetts (“condominium”), which consists of 32 units. Fifteen of those units are owned by Gabriel Rivera (“Rivera”) and his former wife, Aba C. Corona Perez[3] (“Perez”) (collectively, the “defendants”). From March, 2009 to October, 2010, the defendants paid no common expenses or special assessments for any of their 15 units. The board com *270 menced this action to enforce a statutory lien on the defendants’ units pursuant to G.Lc. 183A, §6(c) and successfully obtained summary judgment in the sum of $77,468.00 for accrued common expenses, special assessments, interest and penalties, and legal fees.[4] The defendants have appealed that judgment.
The complaint was filed on February 11, 2010 in the Chelsea District Court.[5] Perez was served with process, and both defendants filed appearances. After the board filed an application for default against Perez, she responded with a motion to dismiss the complaint. The application and motion were apparently resolved by a stipulation in which the board agreed to provide the defendants with the addresses of the trustees[6] of the condominium and exhibits to the complaint, and Perez agreed to file an answer within 21 days after receipt of those items. No answer was filed, and the defendants were defaulted. According to the docket, the default was never removed. Despite their outstanding default, the defendants, on June 7, 2010, filed a motion to dismiss the complaint[7] on the ground that the board did not have authority to sue. The court determined that documents showing the board’s authority had been provided to the defendants[8] and denied the dismissal motion. The board thereafter filed a motion for summary judgment with an affidavit of the board members setting forth the accrued amounts of common expenses, special assessments, interest and penalties, and legal fees owed by the defendants. The defendants did not file a counter affidavit, but instead submitted two motions for summary judgment in their favor based on alleged violations by the board of the condominium documents and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., as well as a motion to disqualify the board’s counsel.
1. The defendants do not persuasively argue that the court below erroneously denied their motion to dismiss the complaint. The basis of the motion was that the board failed to comply with Mass. R. Civ. P, Rule 17(a), which requires that “every action shall be prosecuted in the name of the real party in interest.” The motion was denied on the ground that a certificate of appointment of members of the board and their acceptance of appointment was attached to the complaint. The defendants have failed to establish that the appointment violated eithér the condominium documents or G.L.c. 183A.
*271 2. As for the board’s motion for summary judgment, “[t]he standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Bank of New York v. Bailey, 460 Mass. 327, 331 (2011), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). The defendants offered no affidavits “on personal knowledge” setting “forth specific facts showing that there [was] a genuine issue for trial.” Mass. R. Civ. R, Rule 56(e). To the contrary, Perez admitted to the motion judge that the defendants had not paid the expenses and assessments. She said that the defendants’ mortgage company or an insurance company had paid them, but produced no documentation of any payment of any of the accrued amounts sought in this action. Moreover,
No unit owner may exempt himself from liability for his contribution toward the common expenses by waiver of the use or enjoyment of any of the common areas and facilities or by abandonment of the unit or otherwise; and no unit owner shall be entitled to an offset, deduction, or waiver of common expenses or other charges levied or lawfully assessed by the organization of unit owners.
G.L.c. 183A §7. The motion was properly allowed.
3. The motion judge did not rule on the defendants’ motion for summary judgment that alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. Nor was he required to rule on the motion. The defendants were already in default and had not marked the motion for a hearing. The motion was not “grounded on facts ... verified by affidavit, or ... apparent upon the record and files, or ... agreed to and stated in writing signed by the attorneys for the parties interested.” Dist./Mun. Cts. Supp. R. Civ. R, Rule 105. The board nevertheless filed a memorandum in opposition to the motion in which it correctly stated that a manager of a condominium association is a “creditor [that] is not a ‘debt collector’ as defined by the Act” and has “a fiduciary duty to ... collect fees owed, and thus it is excluded from the definition as a ‘debt collector’ by” 15 U.S.C. §1692a(6) (F). Azar v. Hayter, 874 F. Supp. 1314, 1319 (N.D. Fla. 1995), aff’d, 66 F.3d 342 (11th Cir. 1995), cert. denied, 516 U.S. 1048 (1996).[9]
The remaining issues raised on appeal were not preserved in the trial court and are in any event without merit.
Judgment affirmed.
So ordered.

 Aso spelled Corona-Perez in the record.

 The complaint also named the mortgagee of thirteen of the units, The Washington Mutual Bank/J.P. Morgan Chase & Co., as a party in interest. The bank filed no appearance or responsive pleading.

 The defendants argue extensively in their brief that a prior action brought against them by the board had been dismissed, thus precluding the action before us. Apart from the fact that the issue was never pleaded in the trial court, documents in the defendants’ record appendix establish that the prior action was dismissed without prejudice, indicating “that the matter might still have been pursued before the trial court.” Curtis v. J.J. Duffy Adjustment Serv., Inc., 31 Mass. App. Ct. 949, 950 n.2 (1991).

 Despite the use of the word “trustees,” the condominium documents refer to them as “managers.”

 The docket reflects that only Perez filed the motion.

 The pleadings on the motion to dismiss, except for the endorsement of the motion judge denying the motion, are not included in the record appendix.

 The trial court also took no action on the defendants’ motions (1) to disqualify the board’s attorneys because they were “potential defendants in Federal Court,” and (2) for summary judgment for the board’s “failure to comply with the condominiums [sic] rules; regulations; by-laws; and general laws.” The motions provided no further information, were unsupported by affidavits or otherwise, and were rightly ignored.