BARBARA C. JOHNSON *vs.* COMMONWEALTH & another.[1] October 26, 2012. *Practice, Civil,* Action in nature of certiorari, Declaratory proceeding, Bias of judge. *Declaratory Relief. Judicial Immunity. Conspiracy.*

The petitioner, Barbara C. Johnson, appeals from a judgment of a single justice of this court denying her petition for certiorari pursuant to G. L. c. 249, § 4. We affirm.

The petitioner, her son, and her daughter-in-law, have been involved in ongoing litigation concerning a house in Andover that was owned by the son and daughter-in-law. The petitioner claimed in the Superior Court that she and her son had entered into an oral agreement granting her a life estate in the property and that she, in turn, created and funded a certain trust naming herself as the beneficiary and her son as the trustee, and paid additional expenses. The petitioner sought to enforce the oral agreement or, in the alternative, recover on a theory of quantum meruit. After a Superior Court judge allowed the defendants' motion for summary judgment, the petitioner appealed. The Appeals Court affirmed the judge's ruling as to the specific enforcement claim, but remanded the matter for further proceedings regarding whether the petitioner should recover in quantum meruit. *Johnson* v. *Johnson,* 79 Mass. App. Ct. 1116 (2011).

While the case was pending in the Superior Court on remand, the petitioner filed her petition in the county court against the judge assigned to the matter, purportedly in both his individual and official capacities, and against the Commonwealth. She raised a number of claims concerning the judge's rulings and conduct, including an assertion that he had acted in an unlawful and biased manner in ruling on her discovery motions and in establishing pleading and hearing schedules. She sought declaratory relief and also asserted claims of violations of 42 U.S.C. §§ 1983 and 1985(3) (2006), and common-law conspiracy. The single justice denied the petition without a hearing.

---

[1] A justice in the Superior Court Department.

The purpose of a civil action in the nature of certiorari is to correct errors that "are not otherwise reviewable by motion or by appeal." G. L. c. 249, § 4. The petitioner has failed to demonstrate that her claims are not otherwise reviewable. As to her claims concerning the judge's interlocutory orders, she could have sought interlocutory relief from the judge's rulings under G. L. c. 231, § 118, first par.[2] These claims are also reviewable through the ordinary appellate process, in a direct appeal following any adverse final judgment.

To the extent that the petitioner asserts claims about the judge's supposed bias, such claims could have been addressed by filing a timely motion to recuse[3] or a petition for relief pursuant to G. L. c. 231, § 118, first par. See *Picciotto* v. *Chief Justice of the Superior Court*, 446 Mass. 1015, 1016 (2006). Claims of judicial bias can also be reviewed in an appeal from a final judgment. *Id.*, citing *Doten* v. *Plymouth Div. of the Probate & Family Court Dep't*, 395 Mass. 1001 (1985).

In an effort to fall within the limited scope of certiorari review, the petitioner attempts to distinguish the petition filed in the county court from the underlying case in the Superior Court. She contends that her petition for certiorari involves different parties and different claims. This argument misses the mark. One seeking review of trial court orders and actions cannot circumvent the ordinary trial and appellate process simply by filing a petition for certiorari naming the trial court judge as a defendant.

As to the petitioner's declaratory judgment claims, declaratory relief ordinarily is not appropriate where alternative remedies exist. See *Longval* v. *Superior Court Dep't of the Trial Court*, 437 Mass. 1018, 1018-1019 (2002), citing *Jacoby* v. *Babcock Artificial Kidney Ctr., Inc.*, 364 Mass. 561, 564 (1974) ("It is generally acknowledged that procedures for declaratory relief cannot be used as substitutes for appeal"). As stated, the petitioner's claims could have been addressed through the ordinary trial and appellate process.

To the extent that the petitioner seeks monetary damages under 42 U.S.C. § 1983, a judge is absolutely immune unless the actions giving rise to the suit were "not taken in the judge's judicial capacity," or taken "in the complete absence of all jurisdiction." See *Mireles* v. *Waco*, 502 U.S. 9, 11-12 (1991) (per curiam); *Nollet* v. *Justices of the Trial Court of the Commonwealth of Mass.*, 83 F. Supp. 2d 204, 209 (D. Mass.), aff'd, 248 F.3d 1127 (1st Cir. 2000). A judicial defendant is also immune from claims for attorney's fees. 42 U.S.C. § 1988(b). Nothing in the petition supports the view that the judge here acted outside his judicial capacity. The petitioner's § 1983 claim is based solely on actions the judge undertook in his official capacity in the course of the remand proceedings, and on his issued orders.

Finally, the petitioner's allegations of conspiracy are insufficient to overcome the judge's absolute immunity. To sufficiently plead a claim under 42 U.S.C. § 1985(3), a claimant must allege at least minimum factual support for the existence of a conspiracy. *Slotnick* v. *Garfinkle*, 632 F.2d 163, 165-166 (1st Cir. 1980). The petitioner has not done so. Her allegations are inadequate to state a claim that the judge conspired with another judge or acted in a politi-

---

[2]The record before us does not indicate whether she pursued such relief.

[3]Only after the hearing on the motion for summary judgment, and on the day that the judge issued his order granting the motion, did the petitioner file an emergency motion seeking recusal.

cally motivated manner. Cf. *Malachowski* v. *Keene*, 787 F.2d 704, 711 (1st Cir.), cert. denied, 479 U.S. 828 (1986) ("While proper allegations of conspiracy could overcome the immunity, see *San Filippo* v. *U.S. Trust Co. of New York, Inc.*, 737 F.2d 246, 256 [2d Cir. 1984], appellants' allegations, again, are wanting"). See also *Scott* v. *Schmidt*, 773 F.2d 160, 164 (7th Cir. 1985) ("Were we to permit actions against judges or those performing judicial functions merely on allegations that the decision-maker was predisposed toward a case[,] we would open a floodgate of litigation from all those dissatisfied with a decision. Appellate process is the proper avenue for such dissatisfied litigants").

There is nothing in the record before us suggesting that the petitioner has any other legally cognizable claim against the judge or the Commonwealth based upon what transpired in the Superior Court. There was thus no error or abuse of discretion in the single justice's denial of the petitioner's petition.

*Judgment affirmed.*

The case was submitted on briefs.

*Barbara C. Johnson*, pro se.

*Kirk G. Hanson*, Assistant Attorney General, for the defendants.