NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12169


WARREN L. PARE  vs.  HARMONY HOUSE, INC.


Supreme Judicial Court, Superintendence of inferior courts.


May 3, 2017.


The petitioner, Warren L. Pare, appeals from a judgment of
a single justice of this court denying his petition pursuant to
G. L. c. 211, § 3.  We affirm.

The record before us is scant, but, as best we can tell,
the respondent, Harmony House, Inc., purchased Pare's former
home at auction and then commenced a summary process action in
the Housing Court to secure possession of the home.  After a
judgment in Harmony House's favor, Pare filed a motion to waive
the appeal bond, pursuant to G. L. c. 239, § 5, which was
allowed.  Harmony House appealed from that decision to a single
justice of the Appeals Court.  After a hearing, the Appeals
Court single justice remanded the matter to the Housing Court
for a determination of the amount of use and occupancy
instalment payments that Pare should make to Harmony House while
his appeal from the summary process judgment was pending.  When
Pare subsequently sought to appeal from the single justice's
decision to a panel of the Appeals Court, a different single
justice struck the notice on the basis that there is no right of
appeal to a panel in the circumstances here presented.[1]  Pare

---

[1] We express no view as to the correctness of the order
striking the notice of appeal to a panel of the Appeals Court.
Unless it is clearly established that no right exists to appeal
from a judgment of a single justice, see, e.g., McMenimen v.
Passatempo, 452 Mass. 178, 189 (2008), the better practice is to
enter the appeal and allow the panel to determine the issue.
Cf. Mass. R. A. P. 15 (c), 365 Mass. 859 (1974).

then filed, in the county court, a document entitled "Application for Direct Appellate Review," which the single justice treated as a G. L. c. 211, § 3, petition, and denied.

In his appeal to this court, Pare argues that Harmony House, Inc., had no right to appeal from the waiver of the appeal bond and that the Appeals Court single justice therefore had no jurisdiction to hold a hearing on the matter or to issue any kind of order to the lower court. The record that Pare has supplied to us is, as we have said, scant, and the record before the single justice was even more so. It was Pare's burden, as the petitioner, "to create a record -- not merely to allege but to demonstrate, i.e., to provide copies of the lower court docket entries and any relevant pleadings, motions, orders, recordings, transcripts, or other parts of the lower court record necessary to substantiate [his] allegations -- showing both a substantial claim of violation of a substantive right and that the violation could not have been remedied in the normal course of a trial and appeal or by other available means." Gorod v. Tabachnick, 428 Mass. 1001, 1001, cert. denied sub nom. Davis v. Tabachnick, 525 U.S. 1003 (1998), and cases cited. He did not do this, and it is difficult, if not impossible, based on what is before us, to ascertain the details of the underlying proceedings in the trial court and what exactly he seeks by way of relief. What is not difficult to ascertain is that the single justice acted well within her discretion in declining to employ this court's extraordinary power of general superintendence in these circumstances and on this record. Furthermore, as far as we can tell, Pare did not raise the same claim before the single justice as he now raises before the full court, and we therefore need not consider it. See Carvalho v. Commonwealth, 460 Mass. 1014, 1014 (2011), and cases cited.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Warren L. Pare, pro se.