SUPREME JUDICIAL COURT 
 
 RICHARD W. GANNETT vs. BOARD OF BAR OVERSEERS

 
 Docket:
 SJC-13449
 
 
 Dates:
 February 11, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Board of Bar Overseers. Attorney at Law, Disbarment. Practice, Civil, Action in nature of certiorari, Waiver
 
 

             Richard W. Gannett appeals from a judgment of the county court dismissing his complaint for relief in the nature of certiorari, pursuant to G. L. c. 249, § 4.  We affirm.
            Background.[1]  In 2018, bar counsel filed a petition for discipline against Gannett, then an attorney licensed to practice law in the Commonwealth.  As grounds for the petition, bar counsel alleged that Gannett intentionally misused trust funds, in violation of multiple rules of professional misconduct.  In June 2019, after an evidentiary hearing, a hearing committee of the Board of Bar Overseers (board) recommended that Gannett be disbarred.  The board adopted that recommendation, and a single justice of this court subsequently ordered that the respondent be disbarred.  Gannett appealed the judgment of disbarment to the full court.
            On appeal, Gannett filed a motion to expand the record to include information concerning a new claim, raised for the first time before this court, that the attorney who had represented him at the evidentiary hearing had an "unwaivable conflict of interest."  See Matter of Gannett, 489 Mass. 1007, 1007 (2022).  We remanded the matter to the single justice to consider this new claim in the first instance.  Upon doing so, the single justice found that Gannett "became aware of the facts underlying the alleged conflict before the hearing committee issued its report, but he failed to petition to reopen the hearing committee proceedings or to raise the argument before the board or the single justice prior to the entry of judgment."  Id. at 1010, citing Rule 3.59(a) of the Rules of the Board of Bar Overseers (2017) (reopening of record).  The single justice thus concluded "that the claim had not been properly raised, declined to exercise her discretion to consider it nonetheless, and denied as moot [Gannett's] motion to expand the record."  Id. at 1007.
            This court subsequently affirmed the judgment of disbarment and the denial of Gannett's motion to expand the record.  See Matter of Gannett, 489 Mass. at 1007.  In so doing, we held that the single justice did not err in declining to reach the merits of Gannett's waived conflict of interest claim, and we similarly declined to consider it.  See id. at 1010.  We also rejected Gannett's argument that any alleged deficiencies in his attorney's performance before the board constituted a violation of due process, as this court has "not recognized either a right to counsel in bar discipline proceedings or a claim of ineffective assistance of counsel in that regard."  Id. at 1010.  See id. at 1010 n.5 (noting that single justice did not err in declining to consider new arguments concerning alleged inaction by counsel, where those arguments had not been raised below). 
            Four months after this court affirmed the judgment of disbarment, in July 2022, Gannett petitioned to reopen the disciplinary proceedings before the board.  As grounds for his request, Gannett relied on the same arguments of an "unwaivable conflict of interest" and deficient performance by the attorney who had represented him before the hearing committee.  The board denied Gannett's petition.  Gannett then commenced the instant action in the nature of certiorari, challenging the denial of his petition to reopen the disciplinary proceedings.  The board moved to dismiss the complaint, arguing, inter alia, that Gannett's claims had been waived.  A single justice of this court allowed the board's motion, and this appeal followed.
            Discussion.  "It would be hard to find any principle more fully established in our practice than the principle that neither mandamus nor certiorari is to be used as a substitute for ordinary appellate procedure or used at any time when there is another adequate remedy" (citation omitted).  Matter of Burnham, 484 Mass. 1036, 1036 (2020).  Accordingly, a plaintiff seeking relief in the nature of certiorari under G. L. c. 249, § 4, "bears the burden to allege and demonstrate the absence or inadequacy of other remedies."  Kim v. Rosenthal, 473 Mass. 1029, 1030 (2016), and cases cited (discussing denial of petition seeking relief in nature of certiorari and mandamus, as well as relief under G. L. c. 211, § 3).  Here, Gannett cannot meet that burden, as he seeks to repackage the same waived claims that he previously raised, unsuccessfully, to this court in his appeal from the judgment of disbarment.  Those claims were rejected, and "[c]ertiorari simply does not provide an additional or alternative avenue of appellate review."  Picciotto v. Superior Court Dep't of the Trial Court, 436 Mass. 1001, 1001, cert. denied, 537 U.S. 820 (2002).  Accordingly, the single justice correctly dismissed the complaint.  See Picciotto v. Appeals Court (No. 2), 457 Mass. 1002, 1002, cert. denied, 562 U.S. 1044 (2010) (petitioners had other available paths to obtain appellate review of claims, and mere fact that "those paths were unfruitful did not entitle them to relief in the nature of certiorari").[2]  
Judgment affirmed.
            The case was submitted on briefs.
            Richard W. Gannett, pro se.
            Joseph S. Berman & Jeffrey D. Woolf for Board of Bar Overseers.
 
footnotes

 
            [1] The Board of Bar Overseers (board) and Gannett have both moved to file supplemental appendices.  The board's motion -- which seeks leave to submit a supplemental appendix containing filings and court orders from the bar discipline proceedings that Gannett has petitioned to reopen, as well as bar counsel's opposition to that petition -- is allowed.  Gannett's motion -- which seeks leave to submit a supplemental appendix containing documents that postdate the single justice decision at issue in this appeal, and that derive from a separate civil lawsuit in the Superior Court -- is denied.
            The board has also filed a motion to strike Gannett's brief and original record appendix in their entirety.  That motion is allowed only insofar as it requests to strike pages 234 to 349 of Gannett's original record appendix, which consists of an affidavit, along with various attachments, that was filed in a different Superior Court matter after this appeal entered.  The board's motion to strike is otherwise denied.  To the extent that Gannett seeks to rely on the stricken portion of his record appendix to argue that those materials provide additional support for his claims, those arguments were not before the single justice, and we decline to consider them in the first instance.  See Pare v. Harmony House, Inc., 477 Mass. 1002, 1003 (2017); Cariglia v. Bar Counsel, 442 Mass. 372, 379 (2004) ("We do not consider issues, arguments, or claims for relief raised for the first time on appeal").
            [2] The board has filed a motion "to close the briefing and refer for oral argument," or, in the alternative, to dismiss Gannett's appeal, in light of his failure to file a reply brief.  In light of our resolution of this matter, as well as the fact that Gannett has since moved to file an untimely reply brief, the board's motion is denied as moot.  Gannett's motion to file a nonconforming reply brief, as well as his motion to file an untimely reply brief, are hereby allowed.