SUPREME JUDICIAL COURT 
 
 BHARANI PADMANABHAN vs. BOARD OF REGISTRATION IN MEDICINE

 
 Docket:
 SJC-13760
 
 
 Dates:
 July 18, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Practice, Civil, Action in nature of certiorari. Board of Registration in Medicine.
 
 

       Bharani Padmanabhan, M.D., Ph.D., appeals
from a judgment of the county court dismissing, without a hearing, his petition
for relief in the nature of certiorari pursuant to G. L. c. 249,
§ 4.  In that petition, Padmanabhan
challenged the indefinite suspension, by the Board of Registration in Medicine
(board) in 2017, of his license to practice medicine, claiming that the board's
decision was void.  We affirm.
      "The purpose of a civil action in the
nature of certiorari is to correct errors that 'are not otherwise reviewable by
motion or by appeal.'"  Johnson v.
Commonwealth, 463 Mass. 1006, 1007 (2012), quoting G. L. c. 249,
§ 4.  "It would be hard to find
any principle more fully established in our practice than the principle that
neither mandamus nor certiorari is to be used as a substitute for ordinary
appellate procedure or used at any time when there is another adequate
remedy."  D'Errico v. Board of
Registration of Real Estate Brokers & Salespersons, 490 Mass. 1008, 1008
(2022).  Each and every request for
relief in Padmanabhan's petition was, or could have been, the subject of
ordinary appellate review.  In
particular, because he could have sought ordinary review of the suspension of
his license to practice medicine under G. L. c. 112, § 64, he is
not entitled to review of that decision under G. L. c. 249, § 4.  "Certiorari simply does not provide an
additional or alternative avenue of appellate review."  Picciotto v. Superior Court Dep't of the
Trial Court, 436 Mass. 1001, 1001, cert. denied, 537 U.S. 820 (2002).
      In addition, the claims in the petition
are duplicative of claims that Padmanabhan has made in prior proceedings.
Padmanabhan contends that the board was without jurisdiction to issue the 2017
decision suspending his medical license. 
He maintains that, in fact, the final decision in his disciplinary
proceedings was a recommended decision issued by a magistrate in 2015, which,
he claims, became final 180 days later pursuant to 801 Code Mass. Regs.
§ 1.01(11)(c) (1998).  We rejected
this claim for the reasons explained in Padmanabhan v. Board of Registration in
Med., 477 Mass. 1026, 1027 (2017). 
Padmanabhan further contends that the board is obligated to act on a
petition for reinstatement that he filed with the board in 2019.  Padmanabhan has twice, unsuccessfully, made
this same claim by way of petitions seeking relief in the nature of mandamus to
compel the board to act.  See Padmanabhan
v. Board of Registration in Med., 105 Mass. App. Ct. 1104 (2024); Padmanabhan
v. Board of Registration in Med., 101 Mass. App. Ct. 1109 (2022), cert. denied,
143 S. Ct. 1765 (2023).  The single
justice was under no obligation to revisit these duplicative requests.  In sum, the single justice neither erred nor
abused his discretion by dismissing the petition.
Judgment
affirmed.
      The case was submitted on briefs.
      Bharani Padmanabhan, pro se.
      Samuel Furgang, Assistant Attorney
General, for the respondent.