# RESCRIPT OPINIONS.

BRUCE E. DOTEN vs. PLYMOUTH DIVISION OF THE PROBATE AND FAMILY COURT DEPARTMENT. June 10, 1985, *Supreme Judicial Court,* Superintendence of inferior courts.

The plaintiff appeals from an order of a single justice of this court denying him relief pursuant to G. L. c. 211, § 3. The plaintiff's petition sought to require a judge to recuse himself from the plaintiff's divorce case, or to grant a change of venue, as well as to have vacated various orders and judgments entered by the judge in that case. The essential facts underlying this case are set forth in *Doten* v. *Doten ante* 135 (1985), and need not be restated here. As grounds for this petition, the plaintiff alleges that the judge is and has been biased against him, and that, throughout the course of proceedings in the divorce case, the judge has taken various actions which prevented the plaintiff from receiving a fair opportunity to present his position in court.

We note that the exercise of this court's superintendence powers under G. L. c. 211, § 3, is warranted only in exceptional circumstances, when "the normal course of trial and appeal will not provide adequate protection." *Hadfield* v. *Commonwealth,* 387 Mass. 252, 255 n.2 (1982). See *Layne* v. *Commonwealth,* 391 Mass. 1001 (1984); *Schipani* v. *Commonwealth,* 382 Mass. 685 (1980). The plaintiff's complaints about actions that occured in the Probate Court during the course of the divorce case, including whatever detrimental effect any allegedly improper actions by the judge had on the plaintiff's ability to present his case and on his right to an impartial assessment of the evidence, are more appropriately raised by appeal. See, e.g., *Rossi* v. *Rossi,* 348 Mass. 796 (1965) (de novo hearing before another judge ordered). In *Doten* v. *Doten, supra,* we held that the plaintiff's ability to conform with the rules of appellate procedure was not affected by any actions of the judge and that his appeal was properly dismissed.

The plaintiff also maintains that he will be prejudiced by appearing before the judge in any other proceeding related to this divorce case that might occur in the future. The single justice did not agree, however, and his disposition of matters on a petition for relief pursuant to G. L. c. 211, § 3, will not be reversed absent an abuse of discretion. See, e.g., *Palaza* v. *Superior Court,* 393 Mass. 1001, 1002 (1984); *Commonwealth* v. *Yelle,* 390 Mass. 678, 686 (1984). The plaintiff has failed to establish that the single justice has abused his discretion in this case by denying the claims for relief.

Finally, the plaintiff asserts that the single justice should have recused himself from ruling on the petition. He also alleges that he did not receive sufficient notice of the hearing before the single justice to prepare adequately. These two new issues were never raised before the single justice, and we therefore do not address them now (see *Albert* v. *Municipal Court of the City of Boston*, 388 Mass. 491, 493-494 [1983]), except to state that they do not form the basis of any meritorious claim.

The judgment of the single justice is affirmed.

*So ordered.*

*Bruce E. Doten*, pro se.
*Leonard G. Learner*, Assistant Attorney General, for the defendant.