Rescript Opinions.

ANTHONY BLOISE *vs.* ANGELINA BLOISE. June 26, 2002. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts.

Anthony Bloise appeals from the denial, by a single justice of this court, of his "interlocutory motion to compel recusal" of a judge in an underlying case pending in the District Court. The single justice considered Bloise's filing in essence to be a petition pursuant to G. L. c. 211, § 3, and denied it without a hearing. We affirm.

Bloise has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). He has not demonstrated, however, as the rule requires, that review of the underlying District Court order, i.e., the judge's denial of Bloise's recusal request, could not adequately have been obtained in the ordinary course of trial and appeal or by other available means. See *Doten* v. *Plymouth Div. of the Probate & Family Court Dep't*, 395 Mass. 1001 (1985) (affirming denial of G. L. c. 211, § 3, petition seeking to compel recusal of judge in trial court).

To the extent that Bloise's filing in the county court sought additional relief from the single justice not based on any interlocutory ruling in the District Court,[1] the provisions of Rule 2:21 are inapplicable. We can conclude on the record before us, however, that relief under G. L. c. 211, § 3, as to those matters was correctly denied. It was Bloise's burden to create a record before the single justice demonstrating a substantial claim of violation of a substantive right, and that the violation was not remediable in the ordinary course of trial and appeal, or by other means. *Gorod* v. *Tabachnick*, 428 Mass. 1001, cert. denied, 525 U.S. 1003 (1998), and cases cited. He has failed to meet his burden. See *Doten* v. *Plymouth Div. of the Probate & Family Court Dep't*, *supra*, and cases cited. The single justice did not err in denying the petition in these circumstances.

We do not consider any other issues, arguments, and claims raised by Bloise on appeal that were not raised before the single justice. See *Milton* v. *Boston*, 427 Mass. 1016, 1017 (1998), and cases cited.

The judgment of the single justice denying Bloise's "interlocutory motion to compel recusal" is therefore affirmed.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Anthony Bloise,* pro se.

---

[1]Bloise sought vacation of an order issued against him in the District Court pursuant to G. L. c. 209A. The order was final and appealable as a matter of right. *Zullo* v. *Goguen*, 423 Mass. 679, 681 (1996). See *Parekh* v. *Parekh*, 421 Mass. 1009 (1996).

Bloise also requested that the single justice enter an order compelling the District Court judge to recuse herself in all future cases in which he may be involved, and an order compelling certain other parties to return documents that they allegedly stole from Boise.

