GHODRAT FARAHANI & another[1] *vs.* HINGHAM MUTUAL FIRE INSURANCE COMPANY & others.[2] January 18, 2006. *Supreme Judicial Court,* Appeal from order of single justice.

Ghodrat Farahani and his wife, Ireene Aromin (petitioners), appeal from a judgment of a single justice of this court denying their petition for relief pursuant to G. L. c. 211, § 3, and an order denying their motion for reconsideration. We affirm.

The petitioners commenced a civil action in the Superior Court against their homeowner's insurance carrier, Hingham Mutual Fire Insurance Company (Hingham Mutual), and other parties when the insurer denied coverage for personal and property damage allegedly caused by a water leak in the petitioners' basement. The named defendants included Hingham Mutual and its president and vice-president; the claims examiner; the adjuster who worked on the claim, the company he worked for, and the owner of that company; the attorneys who represent Hingham Mutual; and the American Association of Insurance Services (AAIS), which provided policy language used by Hingham Mutual. Pursuant to pretrial motions filed under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), the claims against Hingham Mutual's attorneys and AAIS, as well as some of the petitioners' claims against the insurance adjuster defendants, were dismissed. In addition, the petitioners moved to disqualify Hingham Mutual's attorneys on the basis of an alleged conflict of interest. That motion was denied.

The petitioners sought relief from all of those rulings through a petition filed pursuant to G. L. c. 211, § 3. The single justice denied the petition without a hearing. The petitioners moved for reconsideration, focusing on the rulings of the Superior Court dismissing the petitioners' claims against Hingham Mutual's attorneys and denying the petitioners' motion to disqualify the attorneys. The single justice denied that motion, also without a hearing.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). With respect to the orders of the Superior Court dismissing certain of the claims, the petitioners can challenge those rulings on direct appeal from any adverse final judgment. As for the petitioners' claim that Hingham Mutual's counsel should have been disqualified, the petitioners can also raise that issue on appeal from final judgment. See *Masiello* v. *Perini*

---

[1]Ireene Aromin.

[2]Brian R. Wilkin; Cheryl M. Taylor; Mark T. Wilkin; William R. Blinn; William R. Blinn Adjusting Co., Inc.; Robert M. Cooper; Warren, Hensley & Bowen LLP; Ethan Warren; Kevin Hensley; Susan Johnson Bowen; American Association of Insurance Services; Superior Court Department of the Trial Court for the County of Bristol; Massachusetts Appeals Court.

*Corp.*, 394 Mass. 842, 850 (1985). Accordingly, the petitioners have failed to satisfy their burden under rule 2:21.[3]

*Judgment affirmed.*

*Order affirmed.*

*Ghodrat Farahani*, pro se, submitted a brief.

---

[3]In addition to filing materials pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), the petitioners have filed in the full court an "Original Verified Complaint & Writ of Mandamus" and a "Motion to Add Parties." At the heart of those filings are claims of judicial bias and improprieties by two Superior Court judges who made the various pretrial rulings in the petitioners' underlying case. Those claims are not substantiated by the materials filed by the petitioners and can also adequately be resolved on appeal from any adverse final judgment. See *Bloise* v. *Bloise*, 437 Mass. 1010 (2002); *Randolph* v. *Commonwealth*, 424 Mass. 1003 (1997). See also *Callahan* v. *Superior Court*, 410 Mass. 1001, 1001 (1991) ("relief in the nature of mandamus is extraordinary and may be granted only . . . where there is no alternative remedy").