*Qingsheng Liu,* pro se.


MELVIN EWING *vs.* COMMONWEALTH. May 2, 2008. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Disqualification of judge.

The petitioner, Melvin Ewing, appeals from a judgment of a single justice of this court denying his petition under G. L. c. 211, § 3. We affirm.

[1]The office of the Attorney General, Massachusetts Commission Against Discrimination, Paul Mishkin, and the office of the Sheriff of Suffolk County.

[2]It does not appear that Qingsheng Liu served any of the respondents with a copy of his brief, as required. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996). Additionally, he named as a respondent the Superior Court judge about whom he complains herein. The judge is a nominal party only. *Id.*

Ewing was convicted of rape by a jury in the Superior Court. The Appeals Court reversed the conviction and ordered a new trial. *Commonwealth* v. *Ewing*, 67 Mass. App. Ct. 531 (2006). On further appellate review, we agreed with the Appeals Court. *Commonwealth* v. *Ewing*, 449 Mass. 1035 (2007). Ewing's new trial is now scheduled to proceed before the same judge who presided over the first trial (because the judge is presently sitting in the session in which Ewing's trial is to proceed). Ewing filed a motion to recuse the judge. The judge denied the motion and Ewing thereafter filed his G. L. c. 211, § 3, petition in the county court.

In his petition, Ewing asserted that the judge treated him unfairly and unlawfully at the first trial and would not be able to rule fairly and impartially at the new trial. He further asserted that because his right to a fair trial is, in his view, in jeopardy, interlocutory review pursuant to G. L. c. 211, § 3, is appropriate. The single justice denied the petition, and the case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Ewing has not made such a showing. There is no absolute requirement that a judge in these circumstances must recuse himself. See *Commonwealth* v. *Adkinson*, 442 Mass. 410, 415 (2004), citing with approval *Liteky* v. *United States*, 510 U.S. 540, 551 (1994) ("[N]ot subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant"). See also *Commonwealth* v. *Eddington*, 71 Mass. App. Ct. 138, 144-145 (2008), and cases cited. The decision whether to recuse is to be made by the judge on a case-by-case basis, using the well-settled standard set forth in *Lena* v. *Commonwealth*, 369 Mass. 571, 575 (1976). Ewing has offered no reason why the judge's refusal to recuse himself in this case could not be adequately addressed in a direct appeal from any adverse judgment. See *Bloise* v. *Bloise*, 437 Mass. 1010, 1010 (2002), citing *Doten* v. *Plymouth Div. of the Probate & Family Court Dep't*, 395 Mass. 1001 (1985). See also *Picciotto* v. *Chief Justice of the Superior Court*, 446 Mass. 1015, 1016 (2006). The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Robert J. Galibois, II,* for the petitioner.