*Commonwealth v. Foster.*

## Commonwealth *vs.* Antwon Foster.

No. 09-P-284.

Suffolk. December 16, 2009. - August 24, 2010.

Present: Rapoza, C.J., Kafker, & Hanlon, JJ.

*Practice, Criminal,* Probation, Revocation of probation, Disqualification of judge, Continuance, Hearsay. *Judge. Evidence,* Hearsay.

At a probation revocation proceeding, the judge did not abuse his discretion in denying the defendant's motion for recusal (on the ground that the judge had previously sentenced a defense witness), where the judge followed the well-settled, two-step process of first consulting his own emotions and conscience, and then objectively appraising whether the proceeding was one in which his impartiality might reasonably have been questioned; and where the defendant did not point to, and the record did not reflect, any action or statement by the judge that showed bias in his treatment of the defendant. [447-449]

At a probation revocation proceeding, there was no error in the admission in evidence of police reports containing hearsay, where the reports were admissible regardless of whether the alleged victim testified; further, although the defendant did not raise the question whether the reports would have been sufficient by themselves to prove a probation violation, the reports were not the only evidence offered (i.e., the alleged victim himself testified that he had been stabbed by the defendant, testimony which was corroborated by the reports; and there was no allegation that the police officer or the percipient witness whose statements were contained in the reports were anything but disinterested observers); therefore, the judge was warranted in finding, by a preponderance of the evidence, that the defendant violated the terms of his probation by committing a new offense. [449-451]

At a probation revocation proceeding, the judge did not abuse his discretion in granting a continuance of the hearing for four days in order to secure the presence and testimony of the alleged victim. [451]

Complaints received and sworn to in the Roxbury Division of the Boston Municipal Court Department on March 1 and March 24, 2004.

A probation violation proceeding was heard by *R. Peter Anderson,* J.

*Richard J. Fallon* for the defendant.

*Kris C. Foster,* Assistant District Attorney, for the Commonwealth.

HANLON, J. The defendant appeals from the finding of a Boston Municipal Court judge that he violated the terms of his probation by committing a new crime. He argues that the judge should have recused himself from hearing the case because he had earlier sentenced a defense witness; that a police report was wrongly admitted as "totem pole hearsay"; and that the hearing was improperly continued over his objection. We affirm.

*Background.* Antwon Foster was convicted of assault and battery in the Roxbury Division of the Boston Municipal Court Department and placed on probation for two years. Later, in the same court, he was convicted of two additional crimes, assault and battery and threatening to commit a crime, and sentenced to six months' probation on both, the terms to run concurrently. While the defendant was still on probation for these offenses,[1] a probation officer issued a notice alleging that the defendant had violated his probation by committing a new crime, specifically, an assault and battery by means of a dangerous weapon; the offense was docketed in the Dorchester Division of the Boston Municipal Court Department. No other violations of probation were alleged.

On the hearing day, the man alleged to be the victim in the Dorchester case, although summonsed, did not appear in court. The probation officer told the judge he believed the victim was reluctant to testify because the defendant's fiancée was the victim's niece, Nicole Lewis. The probation officer said that Nicole Lewis, who was present in court, had told the probation officer that the victim did not "want to go forward now." The probation officer asked for a continuance to secure the victim's presence, and the defendant objected.

The judge gave the probation officer additional time to locate the victim that day, and indicated that, in the meantime, he would read the police report to see if he could make a determination as to whether the police report contained reliable hearsay,

---

[1]The notice of probation violation and hearing bears the two docket numbers for the offenses described above and a third docket number; the record appendix submitted by the defendant, however, contains only the two docket sheets for the cases described above. There is no indication as to what happened to the third case (an earlier case) listed on the notice. The probation findings and disposition form only references the docket numbers for the offenses described above.

citing *Commonwealth* v. *Durling*, 407 Mass. 108 (1990). The defendant did not object. When the victim did not appear, the probation officer, in response to the judge's inquiry, requested a warrant for the witness's arrest. The judge issued the capias, over the defendant's objection, and held the case until the victim could be brought to court.

When the case was called later that day, defense counsel told the judge that he had learned that a defense witness, the defendant's fiancée, had appeared before the judge on an earlier occasion and had received a probation sentence. He asked the judge to send the case to a different session because of the judge's "personal knowledge of a criminal past of one of the witnesses." The judge replied that he now recognized the witness as a probationer who had appeared before him, but stated that he would not have remembered any details, had counsel not reminded him. He also stated that he saw no reason that he could not be fair and impartial to the defendant, about whom he knew nothing. Defense counsel then stated that he would "absolutely object that any surrender hearing be heard by this court." The judge denied the motion, noting that, at that point, the hearing was already underway. When the victim could not be located, the judge allowed a four-day continuance, over the defendant's objection.

On June 30, 2006, Alfred Lewis (Lewis), the alleged victim, appeared in court and testified as a probation witness. He said that, on the day of the alleged probation violation, he had been at a family gathering with a number of people including the defendant and the defendant's fiancée, Lewis's niece, Nicole Lewis.[2] Toward the end of the gathering, Alfred Lewis and the defendant began arguing about whether the defendant should leave the gathering with Nicole Lewis. Alfred Lewis pushed the defendant, who fell; the defendant then got up and stabbed him in the groin. Lewis was hospitalized briefly.

At the same hearing, Nicole Lewis testified that she was present when the argument began and that she saw the defendant fall twice. She saw mutual pushing and shoving, but she

---

[2]Significant portions of the transcript are missing, including the victim's testimony. The defendant's motion to reconstruct the record was allowed. The summary above is taken from defense counsel's affidavit attached to the motion.

never saw the defendant holding a knife or making any movement toward her uncle's groin area. She testified that her uncle was drinking heavily and that the defendant drank only one beer. The defendant also offered medical records from the Nashua Street jail corroborating his report of a back injury on that day. Finally, the judge's findings indicate that he also considered at least one Boston police report.[3]

*Discussion. Recusal.* After the hearing had begun, the defendant asked the judge to recuse himself because the judge had earlier sentenced Nicole Lewis, the defendant's fiancée and his only witness at the hearing, for a probation violation. On appeal, the defendant argues that the judge's denial of the motion was prejudicial error because the witness's credibility was an important issue at the hearing. From this, he reasons, the judge, knowing that the witness had been convicted of a crime, would be less likely to believe her, and the defendant was thereby prejudiced. In support of this argument, he cites the Massachusetts Code of Judicial Conduct on the disqualification of judges, S.J.C. Rule 3:09, Canon 3(E)(1)(e), as appearing in 440 Mass. 1319 (2003).[4]

---

[3] It is not clear either from the judge's findings or the transcript which Boston police report was admitted in evidence. Two police reports, labeled as an original incident report and a supplemental incident report, are contained in the record appendix. Neither is marked with an evidence sticker or any other indication that it was made a part of the record at the time of the probation violation hearing. One police report stated that the officers responded to a call for a person stabbed, and continued, in pertinent part, "[o]n arrival officers observed Mr. Lewis l[y]ing down on the front porch, bleeding from the groin area. Mr. Lewis was awake and responsive. Officers spoke to (witness) Mr. Mccloud who stated that he observed Mr. Lewis and Mr. Foster arguing. He then observed Mr. Foster make a motion to Mr. Lewis['s] groin area. Mr. Foster then put something in his pants pocket and fled on Norton St. towards Richfield St. Witness then observed Mr. Lewis fall on the floor holding his groin area. Ambulance . . . transported Mr. Lewis to Boston Medical Center with a non-life threatening stab wound to the groin." The second report is a six-line recounting of the showing of a photographic array to the victim, who selected the defendant's photograph and told the officers that "he was 100% sure of the ID." For the purposes of this opinion, we assume that the judge admitted both police reports in evidence and considered them on the issue whether to find a violation of probation.

[4] "(1) A judge shall disqualify himself . . . in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: . . . (e) the judge has *personal knowledge of disputed evidentiary facts concerning the matter in controversy* . . ." (emphasis

"To show that a judge abused his discretion by failing to recuse himself, a defendant ordinarily must show that the judge demonstrated a bias or prejudice arising from an extrajudicial source . . . ." *Commonwealth* v. *Adkinson*, 442 Mass. 410, 415 (2004), citing *Liteky* v. *United States*, 510 U.S. 540, 551 (1994) ("[N]ot subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings"). A judge generally is not barred from sitting in subsequent proceedings or a subsequent trial involving the same defendant. See *Liteky* v. *United States, supra* ("It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant"); *Fogarty* v. *Commonwealth*, 406 Mass. 103, 111 (1989). *Commonwealth* v. *Adkinson, supra*; *Ewing* v. *Commonwealth*, 451 Mass. 1005, 1006 (2008); *Commonwealth* v. *Eddington*, 71 Mass. App. Ct. 138, 141-143 (2008). The defendant argues that there is "a key difference between a defendant and a witness" and that because the judge had "first hand knowledge concerning the witness's credibility" he had "no discretion" to deny the recusal motion. We fail to see the distinction the defendant seeks to draw between a defendant and a witness, as a judge might also form an impression of a defendant's credibility in a prior proceeding, yet is not automatically barred from presiding in a future proceeding. Further, any "information" concerning the witness's credibility here is not from an extrajudicial source and thus does not automatically bar the judge from sitting. Finally, "[t]he decision whether to recuse is to be made by the judge on a case-by-case basis using the well-settled standard set forth in *Lena* v. *Commonwealth*, 369 Mass. 571, 575 (1976)." *Ewing* v. *Commonwealth*, 451 Mass. at 1006. Under *Lena*, a judge is "to consult first his own emotions and conscience" and, if he passes this test, "he must next attempt an objective appraisal" whether this was "a proceeding in which his impartiality might reasonably be questioned." *Id.* at 579 (Kaplan, J.).

The present case presents a situation that is common in a busy district or municipal court. As the judge observed, "[I]t's not infrequent that someone appears multiple times before the

supplied). S.J.C. Rule 3:09, Canon 3(E)(1)(e), as appearing in 440 Mass. 1319 (2003).

same judge." He also stated that he remembered the witness as a probationer, but that he saw hundreds of people and did not remember "exactly what had happened." The judge here thus in effect followed the two-step process set out in *Lena* v. *Commonwealth, supra.* On appeal, the defendant does not point to any action or statement by the judge that showed bias in his treatment of the defendant; nor, despite a careful review of the record, do we find any such evidence. In short, the defendant has failed to meet his burden of showing that the judge abused his discretion when he denied the motion to recuse himself.[5]

*Hearsay.* On appeal, for the first time, the defendant objects to the admission in evidence of police reports, on the grounds that the reports contain hearsay. In so doing he perpetuates a common misunderstanding about the law and procedure related to probation violation hearings — the failure to distinguish between what evidence is admissible in such a hearing and what evidence is sufficient to support a finding that the probationer has violated the terms of his probation. The defendant argues "the hearing Judge stated that . . . he thought it was a close question whether the police reports qualified as admissible under . . . *Commonwealth* v. *Durling*, 407 Mass. 108 (1990) . . . ." On the contrary, it is clear from the context of the judge's remarks that he was considering, not whether the police reports were admissible, but whether the material contained therein would be sufficiently reliable, if the alleged victim did not testify, to sustain a finding that there had been a probation violation.

The Supreme Judicial Court "has always allowed the use of hearsay at probation revocation hearings. . . . The more difficult issue . . . is when and to what extent a court may rely on hearsay in revoking probation." *Commonwealth* v. *Durling*, 407 Mass. at 114-115. "[W]hen hearsay is offered as the only evidence of the alleged violation, the indicia of reliability must

---

[5]In addition, the timing of the recusal motion is suspect. Defense counsel asked the judge to recuse himself only after the hearing had begun and the judge had asked if the probation officer was seeking a capias for the missing victim. "[A] party, knowing of a ground for requesting disqualification, can not be permitted to wait and decide whether he likes the subsequent treatment that he receives." *Demoulas* v. *Demoulas Super Mkts., Inc.*, 428 Mass. 543, 549 (1998), quoting from *Matter of United Shoe Mach. Corp.*, 276 F.2d 77, 79 (1st Cir. 1960).

be substantial . . . ." *Id.* at 118. See *Commonwealth* v. *Cates,* 57 Mass. App. Ct. 759, 762 (2003); *Commonwealth* v. *King,* 71 Mass. App. Ct. 737, 740 (2008).[6]

In this case, the police reports containing hearsay evidence were admissible whether or not the alleged victim testified. The question whether they would have been sufficient by themselves to prove a violation is not before us. They were *not* the only evidence offered. The alleged victim himself testified that the defendant stabbed him in the groin. His testimony was corroborated by the police reports described above. In one report, a police officer described his observations of the victim lying on the porch bleeding from the groin area and also related his conversation with a percipient witness who described the incident. The percipient witness's statement to the officer was "factually detailed, based on personal knowledge and direct observation and made soon after the events at issue when the incident was still fresh in his mind." *Commonwealth* v. *Nunez,* 446 Mass. 54, 59 (2006). See *Commonwealth* v. *Thissell,* 457 Mass. 191,

---

[6]The defendant repeatedly refers to the District Court Rules for Probation Violation Proceedings (2000), particularly rule 6, which states that hearsay evidence shall be admissible at probation violation hearings and that "[w]here the sole evidence submitted to prove a violation of probation is hearsay, that evidence shall be sufficient only if the court finds in writing (1) that such evidence is substantially trustworthy and demonstrably reliable and (2), if the alleged violation is charged or uncharged criminal behavior, that the probation officer has good cause for proceeding without a witness with personal knowledge of the evidence presented." Rule 6 of the District Court Rules for Probation Violation Proceedings (2000). See *Commonwealth* v. *Cates, supra.*

However, "[w]hile the language of rule 6(b) establishes a two-prong inquiry, Supreme Judicial Court decisions subsequent to the rule's adoption have held that good cause need not be separately proven if the hearsay is deemed sufficiently reliable." *Commonwealth* v. *King,* 71 Mass. App. Ct. at 740 n.6, citing *Commonwealth* v. *Negron,* 441 Mass. 685, 691 (2004); *Commonwealth* v. *Nunez,* 446 Mass. 54, 58-59 (2006). Also, while the District Court Rules for Probation Violation Proceedings are a lucid and useful effort "to codify the provisions of applicable case law and to provide clarity in areas of long-standing ambiguity," *Commonwealth* v. *Cates,* 57 Mass. App. Ct. at 762, quoting from the commentary to rule 1 of the District Court Rules for Probation Violation Proceedings, Massachusetts Rules of Court (State), at 590 (West 2000) (see Mass. Ann. Laws Court Rules, District Court and Boston Municipal Court Rules, at 590 [LexisNexis 2009]), they have only an advisory impact on a judge of the Roxbury Division of the Boston Municipal Court Department, where this case was heard. No comparable rules have been promulgated for the Boston Municipal Court.

197-198 (2010). Such statements have been found reliable when they come from a disinterested witness. See *ibid.* Contrast *Commonwealth* v. *Delaney*, 36 Mass. App. Ct. 930, 932 n.4 (1994). Here, there is no allegation that either this witness or the police officer was anything but a disinterested observer. The second police report, a six-line recounting of the victim's identification of the defendant's photograph, also was clearly admissible.

In light of all the evidence, including the victim's testimony and the police reports, the judge was warranted in finding, by a preponderance of the evidence, that the defendant had violated the terms of his probation by committing a new offense. See *Commonwealth* v. *Wilcox*, 446 Mass. 61, 65 (2006). The defendant offered testimony that contradicted the probation officer's case, but "the hearing judge . . . is responsible for determining the weight and credibility of the evidence." *Brown, petitioner*, 395 Mass. 1006, 1007 (1985). See *Commonwealth* v. *Cates*, 57 Mass. App. Ct. at 763.

Finally, we see no abuse of discretion in the judge's decision to continue the hearing for four days in order to secure the presence and testimony of the alleged victim. See *Commonwealth* v. *Habarek*, 402 Mass. 105, 108 (1988) ("decision whether to grant a motion to continue lies within the sound discretion of the judge, and will not be disturbed unless there is clear abuse of discretion"); *Commonwealth* v. *Miles*, 420 Mass. 67, 85 (1995).

The order revoking the defendant's probation is affirmed.

*So ordered.*