The mother of a child who is the subject of a care and protection proceeding in the Juvenile Court appeals from a judgment of a single justice of this court denying her petition for relief under G. L. c. 211, § 3. She seeks relief from an order placing the child in the temporary custody of the Department of Children and Families (department), following a so-called seventy-two hour hearing. G. L. c. 119, § 24. We affirm the single justice’s judgment.
Relief pursuant to G. L. c. 211, § 3, is extraordinary. “We exercise our general superintendence power under G. L. c. 211, § 3, in exceptional circumstances only. We exercise the power ‘sparingly,’ Care & Protection of Sophie, 449 Mass. 100, 103 (2007), and only when the party seeking relief demonstrates both ‘error that cannot be remedied under the ordinary review process’ and a ‘substantial claim of violation of [her] substantive rights.’ Planned Parenthood league of Mass., Inc. v. Operation Rescue, 406 Mass. 701, 706 (1990), quoting Dunbrack v. Commonwealth, 398 Mass. 502, 504 (1986).” Care & Protection of Zita, 455 Mass. 272, 277-278 (2009). We will not disturb the single justice’s denial of relief absent an abuse of discretion or other clear error of law. See, e.g., Matthews v. Appeals Court, 444 Mass. 1007, 1008 (2005). As to the first requirement, the mother filed a memorandum and appendix, as required by S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), “setting] forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means.” We allowed the appeal to proceed because the single, limited concern of the rule — the absence of an adequate alternative remedy — had been satisfied: although appellate review of the judge’s order may be available in the ordinary course, the delay potentially could render this remedy inadequate in a case involving care and protection of a child. See Care & Protection of Sophie, supra at 104. At the same time, because “not every interlocutory ruling made in the course of a temporary custody hearing provides ground for review under G. L. c. 211, § 3,” Care & Protection of Zita, supra at 278, and because G. L. c. 211, § 3, does not serve as a vehicle for appealing as a matter of right from the merits of every seventy-two hour ruling, we advised the mother that it would “be incumbent on [her] ... to demonstrate in her appellate brief that her claims are suitable for consideration under G. L. c. 211, § 3.” We further advised her that “it [would] not be enough . . . simply to reargue in her appellate brief the points she argued to the single justice; she must demonstrate that the single justice abused his discretion or otherwise erred in declining to employ the court’s extraordinary power of general superintendence to grant relief in these circumstances.”
The mother’s brief focuses on asserted errors and abuses of discretion committed by the judge in the Juvenile Court, rather than on the decision appealed from, namely, the single justice’s denial of relief. Only cursory attention is given to the question whether the issues compelled the single justice to act under G. L. c. 211, § 3. Merely arguing that there was error in the trial court does not suffice to demonstrate that the single justice erred or abused his discretion by declining to exercise this court’s extraordinary power of general *855 superintendence. It is one thing to establish that this court has the power to correct an asserted error in the trial court; it is another to argue that a particular case compels the exercise of that extraordinary power, and that a single justice therefore erred or abused his discretion in declining to employ that power.
We shall briefly address the merits of the mother’s claims. She argues that, because she herself was a child in the department’s custody,[1] the judge should have applied heightened scrutiny to the department’s claim that it “made reasonable efforts ... to prevent or eliminate the need for removal from the home.”[2] G. L. c. 119, § 29C. She argues that, under principles articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), and its progeny, due process required that the judge make specific subsidiary findings about the department’s efforts to provide services to her before it removed the child from her care. This argument was not raised in the Juvenile Court. Moreover, the judge’s findings clearly support her determination that the department made reasonable efforts to prevent removal of the child. The department placed the mother in two successive foster homes, each chosen to help the mother learn better parenting skills. Those efforts apparently proved unsuccessful because the mother was unable or unwilling to follow the guidance given to her by the foster parents and to use suitable parenting techniques consistently. The record reveals no reason to believe that at this preliminary stage, a third placement would have been more successful or that the department could have provided any other services that would have improved the mother’s parenting skills.
The mother also argues that the judge wrongly found that the child was suffering from serious abuse or neglect in the mother’s custody. The finding that the mother slapped the child out of anger or frustration was supported by the evidence at the hearing, as was the finding that the mother’s conduct revealed a pattern of improvement followed by decline and deterioration to verbal and emotional abuse. The judge did not clearly err in these findings, particularly where this was a preliminary hearing to determine the temporary placement of the child, not a final determination permanently removing the child from the mother’s custody. In sum, the mother has made no showing that this issue warrants the exercise of our superintendence power by demonstrating, for example, that her claim is “significant not only for these parties, but also because our resolution . . . will provide needed guidance for future cases as well,” or that her claim presents “a matter of systemic importance.” Care & Protection of Zita, supra at 278-279. In all the circumstances, the single justice did not abuse his discretion or commit an error of law by denying extraordinary relief.

Judgment affirmed.

Andrew Don for the mother.
Richard A. Salcedo for the Department of Children and Families.
Lisa M. Sheehan, Committee for Public Counsel Services, for the child.

The mother has since reached her eighteenth birthday, and she is no longer in the department’s custody. Contrary to the child’s argument, these circumstances do not render any aspect of this case moot, as the mother still has an interest in regaining custody of her child.

While G. L. c. 119, § 29C, requires that the judge “determine whether the department . . . has made [such] reasonable efforts,” it also provides that “[a] determination by the court that reasonable efforts were not made shall not preclude the court from making any appropriate order conducive to the child’s best interest.” Based on this language, even if the department had not made reasonable efforts to prevent removal of the child, the judge would not have been precluded from placing the child in the department’s custody.