CARE AND PROTECTION OF DANIELLE. November 13, 2012. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Civil,* Care and protection proceeding. *Parent and Child,* Care and protection of minor. *Minor,* Care and protection.

In an underlying care and protection case in the Juvenile Court, following a seventy-two hour hearing, the judge granted temporary custody of the child to the Department of Children and Families. See G. L. c. 119, § 24. The child's mother filed a G. L. c. 211, § 3, petition in the county court seeking relief from that order. A single justice of this court summarily denied the petition, without a hearing and without addressing the substantive merits of the mother's claims. The mother appeals. In an order issued pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), we allowed the appeal to proceed. We affirm.

The mother's obligation on appeal is to demonstrate that the single justice erred as a matter of law or abused her discretion in declining to exercise the court's extraordinary power of general superintendence under G. L. c. 211, § 3. "Merely arguing that there was error in the trial court does not suffice" to meet that burden. *Care & Protection of Isabelle,* 459 Mass. 1006, 1006-1007 (2011) ("It is one thing to establish that this court has the power to correct an asserted error in the trial court; it is another to argue that a particular case compels the exercise of that extraordinary power, and that a single justice therefore erred or abused his discretion in declining to employ that power"). It was for this reason that we stated, in the order allowing the appeal to proceed:

"It will be incumbent on the mother, in addition to addressing the substantive merits of the issues she raises, to demonstrate in her appellate brief that her claims are suitable for consideration under G. L. c. 211, § 3. See *Care and Protection of Zita,* 455 Mass. 272, 278-279 (2009) ('not every interlocutory ruling made in the course of a temporary custody hearing provides ground for review under G. L. c. 211, § 3'); *Care and Protection of Sophie,* [449 Mass. 100, 105 (2007)] (same). Further, it will not be enough for the mother simply to reargue in her appellate brief the points she argued to the single justice; it is incumbent on her to demonstrate that the single justice abused her discretion or otherwise erred in declining to employ the court's extraordinary power of general superintendence to grant relief in these circumstances."

The mother claims that her case raises two novel, systemic issues requiring consideration under G. L. c. 211, § 3. First she argues that, in order to prevail in a seventy-two hour hearing, the department must demonstrate the absence of any less drastic alternative to the temporary removal of the child from the parent's custody. It suffices to say that the issue articulated on appeal was not raised in the Juvenile Court or before the single justice in a manner adequate to alert the judge and the single justice to the issue raised on appeal. We cannot conclude that the single justice erred or abused her discretion on the basis of a claim that was not adequately raised before her. We ordinarily do not consider issues raised by a petitioner on appeal that were not properly before the single justice. *Bloise* v. *Bloise,* 437 Mass. 1010 (2002). The rule is especially pertinent where the issue being raised, such as the mother's claim here, has constitutional implications. Cf. *Petition of the Dep't of Social Servs. to Dispense*

*with Consent to Adoption*, 392 Mass. 696, 697 (1984), and cases cited ("As a general practice we do not consider issues, particularly constitutional questions, raised for the first time in this court").

The mother also argues, as she did in the trial court and in her G. L. c. 211, § 3, petition, that there could be no imminent danger of serious abuse or neglect, as is required before a child can be removed from a parent's custody. There was evidence that the mother had been in contact with the child's father, a level two sex offender, shortly after he had been released from jail and placed on probation. There also was evidence suggesting that the mother had allowed the child to be in contact with her father. This contact would have violated the terms of an outstanding G. L. c. 209A order that the mother had previously obtained against the father, as well as the terms of the father's probation. On the morning of the seventy-two-hour hearing, the father was arrested on a probation surrender warrant and taken into custody. The mother contends that it was impossible for the child to face imminent harm at the father's hands because the father was back in custody.

The state of affairs at the time of the seventy-two-hour hearing did not require the Juvenile Court judge to accept the mother's claim of impossibility. The father's status at the time of the seventy-two-hour hearing was that he was being held for a preliminary hearing on the alleged probation violation. The mother argues that there were some indications that the father would be found to be in violation of his probation and incarcerated; however, that was not a foregone conclusion, and even if he were incarcerated, there was no certainty at the time of the seventy-two-hour hearing as to the length of any incarceration. The Juvenile Court judge was not required in the circumstances to speculate as to the outcome of the probation proceeding. See *Commonwealth* v. *Goodwin*, 458 Mass. 11, 17 (2010). Nor was the judge required to continue the seventy-two-hour hearing to await a final disposition of the probation proceeding. A judge is not required to delay removal of the child until identified risks materialize into actual harm. *Lindsay* v. *Department of Social Servs.*, 439 Mass. 789, 795-796 & n.5 (2003). With the case in this posture, there was no error or abuse of discretion in the single justice's declining to exercise the court's extraordinary power of general superintendence to disturb the Juvenile Court judge's ruling.[1]

*Judgment affirmed.*

*Jacqueline Y. Parker* for the mother.
*Richard A. Salcedo* for Department of Children and Families.
*Steven D. Weil* for the child.

---

[1]Nothing precludes a parent in these circumstances from seeking reconsideration of the seventy-two-hour ruling after the probation violation proceeding, and after the outcome of that proceeding is known.