RESCRIPT
The petitioner, Jian Jiang, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.
The petitioner and the respondent, Qilun Liu, are married but in the midst of divorce proceedings in the Middlesex Division of the Probate and Family Court Department. Those proceedings involve, among other things, custody issues related to the parties' minor child. In his G. L. c. 211, § 3, petition, the petitioner sought relief from various interlocutory rulings of the probate judge, including, among other things, a temporary order relevant to the petitioner's parenting time, a temporary order requiring the petitioner to pay child support, and a temporary order allowing *939 the respondent to travel to China in November 2018 with the parties' child. The petitioner also sought to have the probate judge recused. The single justice denied the petition without a hearing.
The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). The petitioner has not made, and cannot make, such a showing. In fact, he has not even addressed the point, focusing instead on the substantive merits of his claims. Regardless, there is no reason why the petitioner could not have sought interlocutory review of the judge's rulings under G. L. c. 231, § 118, first par. See Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020, 672 N.E.2d 535 (1996) ("Review under G. L. c. 211, § 3, does not lie where review under c. 231, § 118, would suffice"). Additionally, as to the denial of the petitioner's motion to recuse, there is no reason why the denial of any such motion could not be adequately addressed in a direct appeal from any adverse judgment. See Bloise v. Bloise, 437 Mass. 1010, 1010, 770 N.E.2d 472 (2002), citing Doten v. Plymouth Div. of the Probate & Family Court Dep't, 395 Mass. 1001, 479 N.E.2d 130 (1985).
The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.
Judgment affirmed.
The case was submitted on the papers filed, accompanied by a memorandum of law.