NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12977

JOSEPH JABIR POPE & another[1]  vs.  COMMONWEALTH.


April 29, 2021.


Practice, Criminal, Sentence, Execution of sentence, Stay of
     proceedings.


     Joseph Jabir Pope and Floyd Hamilton (defendants) appeal
from the denial, by a single justice of this court, of their
petition under G. L. c. 211, § 3.  In their petition, they
sought to stay execution of their sentences pending decisions on
their motions for a new trial.  We dismiss Pope's appeal as
moot, and we affirm the single justice's judgment as to
Hamilton.

     In 1984, the defendants were indicted for murder and other
offenses.  After their first trial, at which they were tried
together, ended in a mistrial, they were retried separately.
Each defendant was convicted of murder in the first degree and
armed robbery, and this court affirmed the convictions after
plenary review pursuant to G. L. c. 278, § 33E.  Commonwealth v.
Hamilton, 411 Mass. 313, 327 (1991).  Commonwealth v. Pope, 406
Mass. 581, 582 (1990).  In 1996, Pope filed his first motion for
a new trial, which was denied.  Hamilton filed his first motion
for a new trial in 2010; that motion was likewise denied.  In
2020, each defendant filed a second motion for a new trial and a
motion to stay execution of sentence pending decision thereon.
The motions to stay were denied by different judges in the
Superior Court.  The defendants' G. L. c. 211, § 3, petition
followed.  The single justice denied relief without a hearing
and denied a subsequent motion for reconsideration.  Pope's
motion for a new trial has since been denied by a judge in the

---

     [1] Floyd Hamilton.

Superior Court.  Hamilton's motion for a new trial has yet to be decided.

At the outset, we must address a threshold procedural issue.  Because the defendants have received plenary review of their convictions of murder in the first degree, we must consider whether the gatekeeper provision of G. L. c. 278, § 33E, applies in these circumstances.  That provision states, "If any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court" (emphasis added).  This language expressly applies to any motion filed by the defendant or the Commonwealth after rescript, not only to motions for a new trial, barring an appeal from any such motion without authorization from a single justice.  See, e.g., Lykus v. Commonwealth, 432 Mass. 160, 162 (2000) (gatekeeper provision applies to motion to correct sentence); Commonwealth v. Davis, 410 Mass. 680, 683-684 (1991) (gatekeeper provision applies to postconviction motion for funds for scientific testing of physical evidence).  However, we have recognized that, following the trial court's denial of a stay pending a ruling on a motion for a new trial, a motion for a stay to a single justice under Mass. R. A. P. 6 (b) (1), as appearing in 481 Mass. 1608 (2019), is an appropriate next step to request a stay.  See Commonwealth v. Charles, 466 Mass. 63, 77 n.16 (2013) ("Notwithstanding the fact that each case relates to a stay of execution of a defendant's sentence pending the disposition of a motion for a new trial, rather than pending an appeal, we believe that Mass. R. A. P. 6 . . . sets forth the proper procedure that is available after a judge acts on a motion for a stay").  In the circumstances of this case, we do not consider the defendants' G. L. c. 211, § 3, petition to be an attempt to appeal per se from the judges' adverse rulings on the motions for a stay, but the functional equivalent of a new motion for a stay pursuant to rule 6 (b) (1).  The defendants were therefore not obligated to file a gatekeeper application before requesting a stay from the single justice.

We now turn to the merits of this appeal.  We review the single justice's denial of relief under G. L. c. 211, § 3, for abuse of discretion or clear error of law.  See, e.g., Garcia v. Commonwealth, 486 Mass. 341, 343 (2020), quoting Care & Protection of Isabelle, 459 Mass. 1006, 1006 (2011).  Because Pope's motion for a new trial has since been denied, his request for a stay pending decision on that motion has become moot.  See

Rasten v. Northeastern Univ., 432 Mass. 1003, 1003 (2000), cert. denied, 531 U.S. 1168 (2001).  Accordingly, we focus on Hamilton's request for a stay, as his motion for a new trial is still pending in the Superior Court.  There was no error or abuse of discretion in denying a stay of execution of his sentence.

Recently, in Commonwealth v. Nash, 486 Mass. 394, 402-412 (2020), we clarified the standards governing a defendant's motion, pursuant to Mass. R. Crim. P. 31 (a), as appearing in 454 Mass. 1501 (2009), for a stay of execution of sentence pending appeal from his or her conviction during the COVID-19 pandemic.  A judge considering such a motion must consider three factors:  "(1) the defendant's likelihood of success on appeal, (2) certain security factors [e.g., the risk of flight and the danger to any other person or to the community], and (3) certain risks associated with the pandemic."  Nash, supra at 403, 405. We devoted particular attention to the first and third factors. As to the first factor, while a defendant must show "some reasonable possibility of a successful decision in the appeal," this does not mean that success on appeal is "certain or even more likely than not."  Id. at 404.  "[T]he defendant must show that there is at least one appellate issue of sufficient heft that would give an appellate court pause -- in other words, one or more issues that require a legitimate evaluation, that would engender a dialectical discussion among an appellate panel where both sides find some substantive support, and that would, if successful, lead to a favorable outcome for the defendant."  Id. As to the COVID-19 factor, we clarified our decision in Christie v. Commonwealth, 484 Mass. 397, 400-401 (2020), in which we first directed judges to consider the risks posed by the COVID-19 pandemic when deciding a motion for a stay of execution pending appeal.  We stated that "[i]t is not incumbent on a defendant seeking a stay to prove that COVID-19 is present, let alone rampant, at the facility where he or she is incarcerated, or that the defendant is at an especially high personal risk because of his or her age or medical condition."  Nash, supra at 406-407.  It is not appropriate to use the COVID-19 factor against the defendant:  for example, the fact "that an individual defendant is not known to be at particularly high risk from the dangers of COVID-19 should not be taken as a reason to deny a stay."  Id. at 409.  In sum, the COVID-19 factor should be applied so as to fulfill "[o]ur objective in Christie[, which] was to reduce temporarily the prison and jail populations, in a safe and responsible manner, through the judicious use of stays of execution of sentences pending appeal."  Id. at 406.

Hamilton's motion for a stay, however, stands on a different procedural footing from Nash. He is not seeking a stay pending appeal from his convictions; indeed, his convictions were affirmed on direct appeal nearly thirty years ago. Rather, he seeks a stay pending the Superior Court's decision on his motion for a new trial. "Mass. R. Crim. P. 31 (a) 'does not authorize a judge to stay execution of a penal sentence when an appeal is not pending.'" Charles, 466 Mass. at 74, quoting Commonwealth v. McLaughlin, 431 Mass. 506, 518 (2000). Nonetheless, a judge has inherent authority to stay a sentence pending a motion for a new trial in "exceptional circumstances." Charles, supra.

For the reasons explained in Commonwealth v. Harris, 487 Mass.    ,    (2021), the COVID-19 pandemic itself does not present an exceptional circumstance warranting exercise of a judge's inherent power to grant a stay where a defendant files a motion for a new trial. Rather, a defendant must show that exceptional circumstances exist in his or her particular case. As noted in Harris, the pandemic, when combined with other factors, might present an exceptional circumstance in a particular defendant's case. Hamilton has not addressed the issue whether exceptional circumstances are present and has made no such particularized showing in this case. For that reason alone, neither the Superior Court judge nor the single justice erred or committed an abuse of discretion by denying a stay of his sentence pending decision on his motion for a new trial.

Accordingly, Pope's appeal from the single justice's judgment is dismissed as moot, and, with respect to Hamilton's appeal, the judgment is affirmed.

So ordered.

The case was submitted on briefs.
Ruth Greenberg & Jeffrey G. Harris for the petitioners.
Paul B. Linn, Assistant District Attorney, for the Commonwealth.
Katharine Naples-Mitchell for Mary T. Bassett & others.
Amy M. Belger for Davanni Curran.