NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13305

COMMONWEALTH  vs.  JOHN V. MONTEIRO.

May 26, 2023.

Supreme Judicial Court, Superintendence of inferior courts. Conflict of Interest.  Attorney at Law, Conflict of interest, Disqualification.

The Commonwealth appeals from a judgment of the county court denying its petition for relief under G. L. c. 211, § 3. In its petition, the Commonwealth sought relief from the denial, by a judge in the Superior Court, of its motion to disqualify John V. Monteiro's appellate counsel, Rosemary Scapicchio, on the ground that she has a conflict of interest due to her representation of both Monteiro and Michael Barros.[1]  We affirm the judgment.

Background.  After a jury trial in 2016, Monteiro was convicted of murder in the first degree and other offenses.  His appeal from his convictions is pending in this court.  In August 2020, represented by Scapicchio, Monteiro filed a motion for a new trial in this court, which was shortly thereafter transferred to the Superior Court.  In the motion for a new trial, Monteiro argued, among other things, that trial counsel deprived him of effective assistance by failing to use evidence suggesting that Barros was a third-party culprit.  That motion remains pending in the Superior Court.

Barros is the defendant in an unrelated criminal case in the Superior Court.  On August 5, 2020, a hearing took place in that case at which Scapicchio represented Barros.  At that

[1] Scapicchio did not represent Monteiro in the proceedings in the county court and does not represent him in this appeal.

hearing, the Commonwealth raised a concern that Scapicchio had a conflict of interest due to her representation of both Barros and Monteiro. Scapicchio stated that she had discussed the matter with both Barros and Monteiro, that they had both waived any conflict in writing, and that she had provided the waivers to the Commonwealth. The judge conducted a colloquy with Barros, after which she stated that she was satisfied with Barros's waiver. The hearing proceeded without further objection from the Commonwealth.

In Monteiro's case in the Superior Court, a hearing was scheduled for August 31, 2021. On August 26, 2021, the Commonwealth filed a motion to disqualify Scapicchio on the ground that her representation of both Monteiro and Barros gave rise to a conflict of interest that could not be waived. A judge in the Superior Court denied the motion on December 31, 2021.

On February 23, 2022, the Commonwealth filed its G. L. c. 211, § 3, petition in the county court. The single justice denied relief on June 6, 2022, and the Commonwealth appealed. A motion hearing was scheduled in the Superior Court for June 22, 2022, but on June 17, 2022, the Commonwealth moved to stay the Superior Court proceedings. The single justice denied the motion to stay that same day. On June 21, 2022, the Commonwealth filed an emergency motion to stay in the full court.[2] We temporarily stayed the Superior Court proceedings and directed that the parties submit further briefing. On July 1, 2022, we ruled that the single justice neither erred nor abused his discretion by denying a stay. Accordingly, we lifted the temporary stay that we had imposed.

Discussion. "As we have explained, '[a] single justice considering a petition filed pursuant to G. L. c. 211, § 3, performs a two-step inquiry. . . . The first step requires the single justice to decide "whether to employ the court's power of general superintendence to become involved in the matter," . . . or, stated differently, to "decide, in his or her discretion, whether to review 'the substantive merits of the . . . petition.'"'" Commonwealth v. Brown, 487 Mass. 1007, 1008 (2021), quoting Commonwealth v. Dilworth, 485 Mass. 1001, 1002

---

[2] As we noted in our July 1 decision on the motion to stay, the Commonwealth should have appealed from the single justice's denial of the motion to stay, rather than filing a new motion to stay in the full court. See Commonwealth v. Nash, 486 Mass. 394, 411-412 (2020).

(2020).  See Commonwealth v. Fontanez, 482 Mass. 22, 24 (2019).
"The single justice need not take the second step (which is to
resolve the petition on its substantive merits) 'if the
petitioner has an adequate alternative remedy or if the single
justice determines, in his or her discretion, that the subject
of the petition is not sufficiently important and extraordinary
as to require general superintendence intervention.'" Brown,
supra, quoting Dilworth, supra.  "Our role on appeal . . . is to
determine whether [the single justice] abused [his] discretion
by declining to intervene. . . . We give considerable deference
to the single justice's exercise of discretion, and it is not
for us to substitute our judgment for that of the single
justice." Brown, supra, quoting Dilworth, supra.  Where, as
here, the single justice denied relief without reaching the
substantive merits of the Commonwealth's petition, "it is
incumbent on the Commonwealth to show that on the record before
him, the single justice was required to exercise the court's
superintendence power:  that is, that the Commonwealth had no
adequate alternative remedy and that the single justice abused
his discretion by failing to reach the merits of its petition
. . ." Brown, supra.  This the Commonwealth has not done.

First, the Commonwealth has not shown that it lacks an
adequate alternative remedy.[3]  In its petition, the Commonwealth
suggested that the Appeals Court's decision in Commonwealth v.
Delnegro, 91 Mass. App. Ct. 337 (2017), establishes that the
Commonwealth's sole remedy is relief under G. L. c. 211, § 3.
We do not agree with this reading of Delnegro.  In that case,
the Commonwealth's motion to disqualify a criminal defendant's
counsel was allowed, and the defendant attempted to take an
immediate interlocutory appeal pursuant to the doctrine of
present execution. Delnegro, supra at 339-340.  The Appeals
Court held that no interlocutory appeal lay in those
circumstances, even though the doctrine permits such an appeal
in civil litigation where a party's counsel is disqualified.
Id. at 341-342.  The court reasoned that in a civil case, an
improper disqualification of counsel could not effectively be
remedied on appeal from a final judgment due to the difficulty

---

[3] The denial of the Commonwealth's motion to disqualify was
an interlocutory ruling of the trial court.  The Commonwealth
therefore should have filed a memorandum and appendix pursuant
to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which
requires an appellant in the Commonwealth's position to "set
forth the reasons why review of the trial court decision cannot
be obtained on appeal from any final adverse judgment in the
trial court or by other available means."  It did not do so.

in establishing prejudice, but in a criminal case, "prejudice is presumed, and the defendant will automatically receive a new trial upon a showing that the disqualification was improper." Id. at 342, citing Commonwealth v. Rondeau, 378 Mass. 408, 415 (1979). The doctrine of present execution thus did not permit an immediate interlocutory appeal; the defendant's sole avenue for immediate interlocutory relief was to file a petition under G. L. c. 211, § 3.[4] Delnegro, supra at 342-343.

For the Commonwealth, however, Delnegro does not resolve the question. The court in Delnegro said nothing about whether the Commonwealth has an adequate remedy from the denial of its motion to disqualify defense counsel. In a civil case, an order denying a motion to disqualify can be remedied on appeal from a final judgment. Farahani v. Hingham Mut. Fire Ins. Co., 445 Mass. 1024, 1024-1025 (2006). See Masiello v. Perini Corp., 394 Mass. 842, 850 (1985) ("in the absence of authorization by a single justice of this court or the Appeals Court to seek review of an order denying disqualification counsel, . . . that order is not subject to appellate review until after final judgment on the merits of the underlying case"). Such a remedy appears to be available to the Commonwealth in this case. If Monteiro's motion for a new trial is allowed, the Commonwealth will have the right to appeal. See Mass. R. Crim. P. 30 (b) (8), as appearing in 435 Mass. 1501 (2001). The Commonwealth has offered no reason why the denial of its motion to disqualify, if improper, could not be remedied in that appeal, just as such an order can be remedied in civil litigation.

Second, even if the Commonwealth has no adequate alternative remedy, it has not shown that the single justice abused his discretion by failing to reach the merits of its petition. The Commonwealth was clearly aware that Scapicchio represented both Monteiro and Barros and was concerned about the possible conflict of interest at least as early as August 5, 2020, when it raised the matter at the hearing in Barros's case. Yet it did not move to disqualify her from representing Monteiro until more than one year later, on August 26, 2021. This was just a few days before a scheduled hearing in Monteiro's case.

_____

[4] Of course, because a criminal defendant would be able to obtain relief on appeal from a conviction, that would be reason enough for a single justice to deny relief under G. L. c. 211, § 3. Nevertheless, a single justice potentially could, in the exercise of his or her discretion, determine that a particular case presented exceptional circumstances warranting either immediate relief or a reservation and report to the full court.

Then, when the motion was denied, the Commonwealth did not file its G. L. c. 211, § 3, petition until nearly two months later. Where the Commonwealth failed to act promptly on its concerns that Scapicchio had a nonwaivable conflict of interest, the single justice could properly conclude that there was no extraordinary circumstance warranting exercise of the court's superintendence power.  Cf. Masiello, supra at 850 ("eleventh hour maneuvers" to disqualify counsel "are disruptive to the administration of justice and are costly"; "[j]udges have the authority and discretion to discourage such tactics").  The single justice neither erred nor abused his discretion by denying the Commonwealth's petition without reaching its merits.

Judgment affirmed.

Carolyn A. Burbine, Assistant District Attorney, for the Commonwealth.
Eduardo Masferrer (Danya Fullerton also present) for the defendant.