NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13467

HAIRO BAEZ  vs.  COMMONWEALTH.


April 26, 2024.


Supreme Judicial Court, Superintendence of inferior courts.
     District Court.  Practice, Criminal, Presence of defendant.



     The petitioner, Hairo Baez, appeals from a judgment of the
county court denying his petition for relief under G. L. c. 211,
§ 3.  We affirm.[1]

     In 2006, Baez, who was then a permanent resident of the
United States, pleaded guilty to assault and battery by means of
a dangerous weapon and other offenses.  As a result, he was
deported to the Dominican Republic.  Several years later, he
successfully moved to vacate his guilty plea on the ground of
ineffective assistance of counsel.  The charges, except one that
was voluntarily dismissed by the Commonwealth, are now pending
against him for a new trial in the District Court.  Baez, still
located in the Dominican Republic, requested that he be
permitted to appear virtually at trial, representing that he
cannot lawfully enter the United States due to the pending
charges.[2]  At first, the District Court judge allowed the request
to appear virtually, but upon the Commonwealth's motion for

_____

     [1] We acknowledge the brief of amici curiae the American
Civil Liberties Union of Massachusetts and the Committee for
Public Counsel Services.

     [2] In an affidavit, Baez states that an immigration attorney
so advised him, and we assume for purposes of this decision that
he indeed cannot enter the country lawfully to attend his own
trial in person.

reconsideration, she denied the request. Baez's G. L. c. 211, § 3, petition sought relief from that ruling. The single justice denied relief on the ground that the District Court judge did not abuse her discretion by denying the request to appear virtually.[3] Baez appeals from the single justice's decision.

Relief under G. L. c. 211, § 3, is extraordinary, and "[w]e will not disturb the single justice's denial of relief absent an abuse of discretion or other clear error of law." Garcia v. Commonwealth, 486 Mass. 341, 343 (2020), quoting Care & Protection of Isabelle, 459 Mass. 1006, 1006 (2011). The single justice neither erred nor abused his discretion by upholding the decision of the District Court judge. Under a standing order in force in the District Court, "[a]ny . . . court event not specifically listed in [the] Order is presumptively to be held in-person." Boston Municipal Court and District Court Joint Standing Order 2-22 § III (2022). Although the standing order authorizes the judge to allow parties to appear virtually for certain pretrial hearings in criminal cases if "doing so would be consistent with constitutional rights and statutory requirements," it makes no such provision for criminal jury trials. See id. § II. Indeed, under the standing order, a criminal bench trial cannot proceed virtually without the consent of all parties and the judge. Id. § II(k). The standing order certainly does not obligate a judge to permit a virtual appearance at a jury trial over the Commonwealth's objection. Given the clear language of the standing order, the

---

[3] Baez filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a petitioner seeking relief from an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." On consideration thereof, we allowed his appeal to proceed to briefing and oral argument. In doing so, we noted that the single justice had reached the merits of Baez's petition after finding that Baez lacked an adequate remedy in the ordinary process. We further noted that our decision to allow the appeal to proceed was not dictated by the single justice's reaching the merits, but on our own determination that Baez lacked an adequate alternative remedy in the circumstances of this case. We take this opportunity to remind litigants not to assume that, where the single justice reaches the merits of a petition, the requirements of rule 2:21 are necessarily satisfied.

District Court judge did not abuse her discretion by denying Baez's request to appear virtually for a jury trial over the Commonwealth's objection -- regardless whether, as Baez contends, such a virtual appearance by the defendant at a jury trial would be "consistent with constitutional rights and statutory requirements" (questions we need not and do not reach here).[4]  It follows that the single justice neither erred nor abused his discretion by denying extraordinary relief.

Judgment affirmed.

Joseph B. Simons for the petitioner.
Catherine Langevin Semel, Assistant District Attorney, for the Commonwealth.
Jessie Rossman, Daniel McFadden, Jennifer Klein, Michael T. Packard, & Alex H. Loomis, for American Civil Liberties Union of Massachusetts & another, amicus curiae, submitted a brief.

---

[4] Baez also argues to this court that he is entitled to waive his right to be present in person at trial.  The record indicates, however, that he did not make this argument in the District Court.  Although he offered to waive his right to physical presence, he raised no constitutional or other argument why the judge was obligated to allow him to waive his presence notwithstanding that the standing order did not provide for such a virtual appearance at a jury trial over the Commonwealth's objection.  In particular, to the extent that Baez suggests in his brief to this court that he has an affirmative entitlement to waive his presence at a jury trial on constitutional grounds, we see no indication in the record that he raised those issues in the District Court.  As the single justice correctly noted, therefore, these constitutional questions were not properly before him.  We accordingly decline to consider these issues at this time.